672 So.2d 940 (1996)
Warren L. GOTTSEGEN, M.D., Liquidator of Houma Scan, Inc.
v.
DIAGNOSTIC IMAGING SERVICES, a Louisiana Limited Partnership.
No. 95-CA-977.
Court of Appeal of Louisiana, Fifth Circuit.
March 13, 1996.
Writ Denied April 26, 1996.
*941 Robert G. Stassi and David R. Sherman, Chehardy, Sherman, Ellis & Breslin, Metairie, for plaintiff/appellant, Warren L. Gottsegen, M.D., Liquidator of Houma Scan, Inc.
Maury A. Herman and Leonard A. Davis, Herman, Herman, Katz & Cotlar, New Orleans, for defendant/appellee, Diagnostic Imaging Services, a Limited Partnership.
Before BOWES, GRISBAUM and WICKER, JJ.
BOWES, Judge.
Plaintiffs filed this suit against defendant, Diagnostic Imaging Services (hereinafter "DIS"), for collection of amounts owed under a contract and for breach of that contract. The trial court rendered judgment in favor of plaintiffs for Forty-Eight Thousand One Hundred Thirty-Two Dollars and Thirty-Seven Cents ($48,132.37), plus attorney's fees of Ten Thousand and No/100 ($10,000.00) Dollars. Plaintiffs appeal. We affirm.

FACTS
Houma Scan, Inc. was formed in 1982. The shares of stock were owned 25% each by its shareholders, Dr. Warren L. Gottsegan, Dr. Hugh Fleming, Dr. John D. Jackson and Dr. John F. Schumacher. Dr. Gottsegan supervised the business activities of the company.
In 1982, Houma Scan leased a CT8800 scanner from Bambi Enterprises. It then entered into a management agreement with Drs. Sims, Soll, Voth and Associates (predecessor of Diagnostic Imaging Service), whereby the association took possession of and operated, utilized and managed the scanner.
Apparently some time in November 1987, Houma Scan purchased the CT8800 scanner from Bambi Enterprises, and then sold it to DIS for the sum of One Hundred Thousand Dollars ($100,000.00). The sales agreement also provided that:

*942 As Additional Consideration for Seller's agreement not to compete with Buyer in the business of diagnostic imaging with the use of a CT Scanner in Orleans and Jefferson Parishes during the term of this agreement, Buyer agrees to pay to Seller a portion of the `Collected Revenues' generated by the use of the CT scanner, in accordance with the `Revenue Sharing Formula' contained herein.
In addition, the prior management agreement was terminated by the execution of the sales agreement at issue herein.
DIS utilized the CT8800 scanner from November 1987 until mid-December 1989. In November of 1988, Houma Scan was liquidated and Dr. Gottsegan was appointed liquidator. However, DIS continued to make the "Collected Revenue" payment to the four individual doctors who had been the shareholders of Houma Scan. In December of 1989, the CT8800 scanner was replaced with an updated model. Because the use of the CT8800 scanner was terminated, Houma Scan did not receive a portion of the collected revenues for the last eleven months under the contract.
Dr. Gottsegan, as liquidator of Houma Scan, filed this suit alleging that the action of DIS in discontinuing the use of the CT8800 scanner was an active, bad faith breach of the contract between Houma Scan and DIS. Subsequently, the other doctors were added as plaintiffs in the suit. The plaintiffs argued that the sales agreement contained an implied obligation requiring the DIS doctors to use the CT8800 scanner for the entire three years in order to pay the revenues in fulfillment of the agreement in accordance with payment schedule contained in the agreement.
Accordingly, they requested damages in the amount of money they would have received under the revenue sharing formula in the sales agreement had the CT8800 scanner remained in use for the remaining eleven months. Plaintiffs also sought repayment to them of fees which had accrued for the use of the scanner and which they had paid.
DIS argued that the contract did not create an obligation to utilize the scanner for the entire three years and that the revenues were due only if the scanner was actually being used. DIS also contends that they stopped using the scanner because it produced substandard images and that to require them to continue to use the scanner would have required them to render substandard medical diagnostic procedures.
In addition, DIS filed a reconventional demand alleging that Houma Scan breached the agreement in two respects. First, they claim that the dissolution of Houma Scan and the continued payments to the individual shareholders constituted an assignment by operation of law which breaches the contract and the non-competition clause. Second, the contract is in violation of the Medicaid/Medicare anti-kickback statute (Title XVIII, Section 1129 B(b) of the Social Security Act, 42 U.S.C. § 1320 a-7b(b)). DIS also contended that the agreement was null and void and requested that the monies it paid to Houma Scan be returned. In addition, they requested damages for breach of contract.
After a four day trial, the court found that the sales agreement at issue was a valid contract; however, DIS was not required to use the scanner for the entire three years under the terms of the contract. The trial judge gave the following reasons:
The agreement did not require DIS to use the machine at a level which generated revenues to the plaintiff under the revenue sharing formula. The plaintiff had argued that the agreement implied that the scanner must be used for a period of three years because it called for the revenue to be shared over a three year period.
This may seem harsh, but implications in a contract are not mandates or even conditions. The contract speaks for itself, and at some point the use of the scanner just faded away. The agreement has not been violated as a matter of fact. DIS always had the right to determine the use of the scanner. There was no requirement that DIS use it any number of times.
The trial court then awarded plaintiffs the sum of Forty-Eight Thousand, One Hundred Thirty-Two Dollars and Thirty-Seven Cents ($48,132.37) for payments which were due, but not paid for the period of November *943 1987 to December, 1989. The court also awarded plaintiffs attorneys fees of $10,000.00. However, the court refused to award any sums for the eleven month period when the scanner was not in use and defendant's reconventional demands were dismissed.
Plaintiffs appeal, raising two allegations of error. First, the trial court erred in finding that there was no obligation of the appellee to continue operating the CT scanner during the term of the agreement. Second, the trial judge erred in awarding only Ten Thousand Dollars ($10,000.00) in attorney fees.

ANALYSIS
In the first assignment of error, plaintiffs argue that the trial judge erred in finding that there was no obligation of the appellee to continue operation of the CT scanner during the term of the agreement.
Interpretation of a contract is the determination of the common intent of the parties. La.C.C. art. 2045. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. La.C.C. art. 2046. The determination of whether a contract is clear or ambiguous, however, remains a question of law. South Cent. Bell Telephone Co. v. Ka-Jon Food Stores of Louisiana, Inc., 93-2926 (La. 5/24/94) 644 So.2d 357.
The parties' common intent is determined in accordance with the general, ordinary, plain and popular meaning of the words used in the contract, unless the words are words "of art" or have acquired a technical meaning. La.C.C. art. 2047; South Cent. Bell Telephone Co. v. Ka-Jon Food Stores of Louisiana, Inc., supra. Words susceptible of different meanings must be interpreted as having the meaning which best conforms to the object of the contract. La.C.C. art. 2048. Although worded in general terms, the contract must be interpreted to cover only those things it appears the parties intended to include. La.C.C. art. 2051.
In this case, we find absolutely nothing in the contract which requires DIS to use the CT8800 Scanner. The contract gave DIS the right to complete control over the CT scanner, including how often the scanner was to be used. Accordingly, DIS had the right to terminate the use of the scanner at any time, which right it exercised in 1989, by obtaining a newer model when DIS concluded that the CT8800 scanner had become substandard. Two experts, Dr. George Meckstroth, an expert in radiological physics, and Dr. Soll, and expert radiologist, testified that by December of 1989, the quality of work delivered by the CT8800 was no longer in accord with, and fell below, community standards.
Accordingly, we find no manifest error in the ruling of the trial judge that DIS was not in breach of the contract for terminating the use of the scanner before the three year period had ended. We, therefore, find this allegation of error to be without merit.
In their second assignment of error, plaintiffs allege that the award of attorney fees in this case was inadequate.
A reasonable attorney's fee is determined by the facts of an individual case. In making awards for attorney's fees, the trial court is vested with great discretion, the exercise of which will not be interfered with except in a case of clear abuse. Montalvo v. Montalvo, 592 So.2d 904 (La.App. 5 Cir. 1991). After reviewing the entire record before us, we cannot say that the trial judge abused his discretion in awarding the sum of $10,000.00 for attorney's fees. In so finding, we have considered the entire record, including the discovery contained therein, the numerous pretrial motions, the legal issues involved and the length of trial in this matter. We, therefore, find this allegation of error to be without merit.
Finally we note that DIS, in its brief filed in this Court, states that:
Judge Tiemann awarded the Appellants $48,132.37 plus attorney's fees when, as a matter of law, they were entitled to nothing. The Agreement was against public policy, it was breached by the Appellants and, therefore, the parties should have been restored to the status quo as it existed at the time of execution. DIS is entitled to a refund of all sums paid as Additional Consideration, i.e. $383,650, and *944 there should be no award of attorney's fees to Appellants.
However, appellee, DIS, did not appeal from the judgment of the trial court, nor did it file an answer to the appeal lodged by plaintiffs in this Court. When a party neither answers an appeal nor cross-appeals, this Court is precluded from reviewing that party's requested relief. La.C.C.P. art. 2133; W. Handlin Marine v. Gulf States Marine, 624 So.2d 907 (La.App. 5 Cir.1993). Accordingly, the issues raised by DIS are not properly before this Court and cannot be addressed.

CONCLUSION
For the above discussed reasons, the judgment of the trial court is affirmed. All costs are assessed against plaintiffs/appellants.
AFFIRMED.