990 So.2d 63 (2008)
Lea Sinclair FILSON and Ron Filson
v.
WINDSOR COURT HOTEL, and/or Windsor Court Hotel, Inc. and/or Windsor Court Hotel, Inc. of Delaware, and/or Windsor Court Hotel, LLC, and/or Windsor Court Management Louisiana, Inc., ABC Insurance Company, Keta Construction, Inc., et al.
Lea Sinclair Filson and Ron Filson
v.
Windsor Court Hotel, and/or Windsor Court Hotel, Inc., and/or Windsor Court Hotel, Inc. of Delaware, and/or Windsor Court Hotel, LLC, and/or Windsor Court Management Louisiana, Inc., ABC Insurance Company, Sean Cummings, Ekistics, Inc., et al.
Nos. 2007-CA-0755, 2007-CA-0756.
Court of Appeal of Louisiana, Fourth Circuit.
July 23, 2008.
*64 William E. Wright, Jr., Charlotte C. Meade, Deutsch, Kerrigan & Stiles, L.L.P., New Orleans, Louisiana, for Appellant, Patrick F. Lee.
Corinne Ann Morrison, Robert S. Rooth, Scott C. Barney, Gregory J. Walsh, Loretta O. Hoskins, Chaffe McCall, L.L.P. New Orleans, Louisiana, for Defendants/Appellees, Sean Cummings and Ekistics, Inc.
(Court composed of Judge JAMES F. McKAY III, Judge MICHAEL E. KIRBY, Judge Pro Tempore MOON LANDRIEU).
JAMES F. McKAY III, Judge.
This matter concerns the assessment of attorneys' fees in an extraordinary judgment. We affirm.

FACTS AND PROCEDURAL HISTORY
The initial lawsuit was filed on behalf of Lea Sinclair Filson and her husband Ron. *65 In that lawsuit, the Filsons sought damages arising out of personal injuries sustained by Mrs. Filson while she was employed by the Windsor Court Hotel; she allegedly became ill from sewer gas and mold in the Walle Building. The owners of the Walle Building are Sean Cummings and Ekistics, Inc.
The Filsons retained attorneys Patrick Lee and Laurie White, who filed the aforementioned lawsuit on their behalf on March 25, 2003. Mr. Cummings and Ekistics were two of the multiple defendants named in the suit. Mr. Cummings and Ekistics retained Howell Crosby and the law firm of Chaffe McCall, L.L.P. to represent them.
On August 11, 2003, Mr. Crosby telephoned Mr. Lee and left a detailed voicemail message requesting an extension of time to file responsive pleadings on behalf of Mr. Cummings and Ekistics. On August 12, 2003, Mr. Lee returned Mr. Crosby's call and granted his request for an extension.[1] Mr. Lee explained that he was having trouble serving another defendant and that that he would let Mr. Crosby know when the responsive pleadings were due. However, on September 17, 2003, the plaintiffs filed a motion for default and obtained an order of preliminary default against Mr. Cummings and Ekistics. Neither Mr. Crosby nor anyone else in his firm received any notice from Mr. Lee before this preliminary default. On September 25, 2003, the plaintiffs confirmed this preliminary default at an evidentiary hearing. The duty judge then confirmed the default and signed a judgment awarding damages, interest, costs, and expert fees in favor of plaintiffs, Lea Sinclair Filson and Ron Filson, and against only defendant, Ekistics, in the total amount of $1,973,636.52.
Mr. Crosby first learned of the default judgment on September 30, 2003, when the Sheriff served a copy of it. On that same day, Mr. Crosby sent a letter by hand delivery to Mr. Lee expressing his amazement and disbelief at Mr. Lee's breach of their prior agreement. Mr. Lee responded by fax on October 1, 2003, denying that he had ever agreed to an extension and he indicated that he would not agree to rescind the default judgment. On October 6, 2003, Mr. Cummings and Ekistics filed a "Motion for New Trial or Reconsideration or Alternatively, to Vacate or Annul Default Judgment and to Award Reasonable Attorneys' Fees." They sought to vacate both the order of preliminary default and the subsequent judgment confirming it because they were absolutely null under La.Code Civ. Pro. Art.2002 for defects of form patent on the face of the record and because they were relatively null on grounds of "fraud or ill practices" under La.Code Civ. Pro. Art.2004.
An evidentiary hearing was held on November 6, 2003. The trial court ruled from the bench that it would grant the motion and vacate the judgment based on the witnesses' credibility and the evidence that it would later issue written reasons and a formal judgment. In its subsequent written judgment and reasons for judgment signed on December 19, 2003, the trial court found that the default judgment was an absolute nullity under La.Code Civ. Pro. Art.2002 for numerous formal defects, including improper citation and service and an invalid preliminary default against Mr. Cummings and Ekistics. The trial court also concluded that the judgment was relatively null for fraud or ill practices *66 because Mr. Cummings and Ekistics had withheld filing a responsive pleading based on their attorney's reasonable belief that they had an extension and that the opposing party would give them notice before taking any action against them in the suit. The trial court also concluded that Mr. Cummings and Ekistics were entitled to reasonable attorneys' fees under La.Code Civ. Pro. Art.2004(C) for establishing fraud or ill practices within the meaning of Article 2004.
The Filsons filed a motion for new trial, contending that the nullity proceeding should not have been brought in a summary proceeding. Mr. Cummings and Ekistics then filed a motion to set attorneys' fees, which was opposed by Patrick Lee through his own counsel. The trial court, however, decided to wait until after completion of the appeal of the attorneys' fees award before making a determination regarding the amount of attorneys' fees to be awarded. Because the plaintiffs challenged the procedure used to overturn the default judgment and award attorneys' fees, Mr. Cummings and Ekistics filed a petition for nullity before the prescriptive period expired in order to preserve their rights.
On January 21, 2004, the Filsons filed a motion and order for appeal, which the trial court granted the next day. Patrick Lee was discharged by the Filsons on January 27, 2004 and he filed a motion to withdraw as their consul on February 5, 2004. Mr. Lee was permitted to withdraw on March 11, 2004. The Filsons' appeal challenged the award of attorneys' fees, contending they were improper because Mr. Cummings and Ekistics improperly obtained the nullity through use of a summary proceeding.[2] They alternatively contended that, if attorneys' fees were proper, then Mr. Lee should be personally cast in judgment for them because he was responsible for the fraud and ill practices. Mr. Lee intervened in the trial court on August 4, 2004 obtaining permission to appeal the issue of attorneys' fees and sought the right to file an untimely appellate brief in this Court. On the same day, Mr. Lee moved this Court for leave to file an exception in the appeal, excepting to the nullity procedure and for additional time to file an appellate brief. Although Mr. Lee was listed as an intervenor/appellant in that appeal he was not allowed to file a brief and this Court refused to consider his exception.[3] On March 2, 2005, this Court affirmed the trial court's decision to vacate the default judgment as well as the award of attorneys' fees. This Court amended the trial court's judgment in one critical respectit cast only Mr. Lee in judgment for the payment of Mr. Cummings's and Ekistics's attorneys' fees and costs, finding that "the record does not indicate that the [plaintiffs] participated in or had any knowledge of the informal extension granted by their attorney." Filson v. Windsor Court Hotel, XXXX-XXXX (La.App. 4 Cir. 3/2/05), 896 So.2d 372. Thereafter, Mr. Lee filed a writ application with the Louisiana Supreme Court, seeking to have the decisions of the trial court and this Court overturned. In response, Mr. Cummings and Ekistics also filed a writ application with the Supreme Court to protect the award of attorneys' fees and to ensure that the award would be upheld against either the Filsons or Mr. Lee. The Supreme Court denied both writs on May 13, 2005.
*67 On September 6, 2006, Mr. Cummings and Ekistics filed a motion requesting the trial court to fix attorneys' fees in the amount of $33,107.96 and costs in the amount of $1,536.70. At the hearing on this motion on January 16, 2007, Mr. Cummings and Ekistics presented evidence of their counsel's work in connection with the default, overturning the default, and the related appeals. On January 29, 2007, the trial court rendered judgment against Mr. Lee, determining that the attorneys' fees and costs requested by Mr. Cummings and Ekistics in the amount of $34,644.66 are documented, reasonable, and appropriate. It is from this judgment that Mr. Lee now appeals.

DISCUSSION
The only matter before this Court is Mr. Lee's challenge to the actual amount of attorneys' fees awarded by the trial court to Mr. Cummings and Ekistics.[4] The trial court is vested with great discretion in arriving at an award of attorneys' fees. Troth Corp. v. Deutsch, Kerrigan & Stiles, L.L.P., 06-0457 (La.App. 4 Cir. 1/24/07), 951 So.2d 1162, 1165 (citing Kem Search, Inc. v. Sheffield, 434 So.2d 1067, 1070 (La.1983)). The exercise of this discretion will not be reversed on appeal without a showing of clear abuse of discretion. Id.
Based on Rule 1.5(a) of the Rules of Professional Conduct, the Louisiana Supreme Court has itemized the following considerations for determining the reasonableness of attorneys' fees:
Factors to be taken into consideration in determining the reasonableness of attorney fees include: (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) amount of money involved; (5) extent and character of the work performed; (6) legal knowledge, attainment, and skill of the attorneys; (7) number of appearances made; (8) intricacies of the facts involved; diligence and skill of counsel; and the (10) the court's own knowledge.
State, Dept. of Transp. & Dev. v. Williamson, 597 So.2d 439, 442 (La.1992).
A reasonable attorney's fee is determined by the facts of an individual case. Gottsegen v. Diagnostic Imaging Servs., 95-977 (La.App. 5 Cir. 3/13/96), 672 So.2d 940, 943. The trial court has the ultimate discretion to determine the amount of attorneys' fees based on the court's own knowledge, on the evidence, and on the court's observation of the case and the record. See Custom-Bilt Cabinet & Supply, Inc. v. Quality Built Cabinets, Inc., 32,441 (La.App. 2 Cir. 12/8/99), 748 So.2d 594, 602-03. A court does not have to hear evidence concerning time spent hourly rates charged in order to make an award since the record will reflect much of the services rendered. In re Andras, 410 So.2d 328, 331 (La.App. 4 Cir.1982).
In the instant case, considerable efforts on the part of Mr. Cummings's and Ekistics's attorneys were necessary to obtain the ultimate result: the successful overturning of default judgments against their clients, the successful defense of that reversal in the appellate court, and the successful protection of the award of attorneys' fees. The litigation also involved a considerable amount of money. The trial court specifically determined that all fees requested were related to nullifying the default judgment. It further determined that Mr. Lee could not escape liability for his ill practice just by withdrawing as *68 counsel of record, because he put into motion a series of events that caused other people consequences that had to be handled. Based on the record before this Court, the trial court did not err or abuse its discretion in arriving at these conclusions.

CONCLUSION
For the foregoing reasons, we affirm the trial court's judgment awarding Mr. Cummings and Ekistics $34,644.66 for attorneys' fees and cost incurred as a result of Mr. Lee's ill practice.
AFFIRMED.
NOTES
[1] Telephone records provided by BellSouth Telecommunications documented both of these calls.
[2] 2004-CA-0631
[3] Mr. Lee filed an original appellant brief in this Court in a second appeal (2004-CA-1068) which dealt exclusively with a judgment of contempt and sanctions against Mr. Lee.
[4] This Court has already found Mr. Lee liable for the attorneys' fees and costs incurred as a result of his own ill practice. Filson v. Windsor Court Hotel, XXXX-XXXX (La.App. 4 Cir. 3/2/05), 896 So.2d 372.