MARION F. EDWARDS, Chief Judge.
12Plaintiff/appellant, 1001 Harimaw Court East, L.L.C. (“Harimaw”), appeals a judgment of the Twenty-Fourth Judicial District Court that awarded it $9,928.97 in damages. We affirm.
Harimaw filed suit against defendants/appellees, BLO, Inc. (“BLO”) and William O. Knowles Jr. (“Knowles”), alleging that it entered into a commercial lease agreement with BLO, an agreement that Knowles had signed as a personal guarantor. Harimaw urged that BLO defaulted in its obligation to pay rent under the lease and, as a result, BLO was evicted from the property on February 3, 2009. Harimaw asked for a sum equal to all rentals due for the unexpired remaining term of the lease, reasonable attorney’s fees, costs, and expenses incurred to enforce collection of rents, interest, and all late charges permitted.
At trial, it was shown that the term of the lease was from November 1, 2007 through October 31, 2009. The rent payments were often late, and Harimaw agreed to accept reduced amounts with the understanding that it would be reimbursed prior to termination of the lease, when business had improved. In January 2009, *1133 BLO failed to pay the rent, and Harimaw sent a certified letter advising BLO of its default. In its second certified letter, Har-imaw advised BLO that, due to continued | -¡default, the lease was terminated, and BLO was required to vacate the premises within five days. A Notice to Vacate was posted. After receiving no response from BLO, Harimaw began eviction proceedings and obtained a judgment ordering eviction on February 8, 2009.
Following trial, the court granted the following damages:
Rent owed for January 2008-June 2008 $ 762.90
Rent owed for July 2008-December 2008 $2,988.06
Rent owed for January 2009 $3,698.01
Cost of clean-up $2,280.00
Cost of removing oil drums $ 200.00
TOTAL $9,928.97
On appeal, Harimaw asserts that, pursuant to the lease agreement, the trial court erred in not granting it liquidated damages in the form of unpaid rent from January 2009 through October 2009, or a sum equal to one year’s rent. Harimaw urges paragraph 31 of its lease that, in relevant part, reads:
Should LESSEE fail to pay any of the rentals provided for herein promptly on the day when the same shall become due and payable hereunder, and shall continue in default for a period of five (5) days after written notice thereof by LESSOR, or should LESSEE fail to comply with any of the other obligations of this Lease ... then LESSOR shall have the right, at LESSOR’S option, (a) to cancel this Lease, in which event there shall be due to LESSOR as liquidated damages, a sum equal to the amount of the guaranteed rent for one year, or alternatively at LESSOR’S option to be reimbursed all actual cost incurred in reentering, renovation and re-letting said Leased Premises; (b) to accelerate all rentals due for the unexpired remaining term of this Lease and declare same immediately due and payable; and/or to sue for the rent in intervals or as the same accrues....
The foregoing provisions are without prejudice to any remedy which might otherwise be used under the laws of Louisiana for arrears of rent or breaches of contract, or to any lien to which LESSOR may be entitled.
Louisiana law affords two remedies to a lessor if a lessee fails to pay rent as it comes due. The lessor may hold the lessee liable for the rent due for the expired term of the lease and sue to dissolve the lease and evict the lessee. In the alternative, the lessor may sue to enforce the lease and to recover both accrued 14rentals and future accelerated rentals if the lease contains an acceleration clause. These remedies are mutually exclusive.[1] If the lessor elects to cancel the lease, the lease is terminated and the lessor is entitled to return into possession, but he forfeits the right to all future rentals. On the other hand, if the lessor elects to enforce the lease, he may obtain a money judgment against the lessee based on the terms of the lease agreement, but the lease remains in effect and the lessee retains the right of occupancy for the remainder of the term of the lease.[2]
Once Harimaw terminated the lease and evicted BLO, it forfeited the right to any future rentals. To the extent that paragraph 31 of the lease attempted to circumvent established law, it is unenforceable. The trial court properly did not award further damages in the form of future rentals due.
*1134 Harimaw also complains the trial court erred in its award of attorney’s fees. The lease contract provides for reasonable attorney’s fees, costs, and expenses in the event that either party must employ an attorney to enforce the terms of the lease. At trial, Harimaw’s attorney submitted an itemized statement showing attorney’s fees and expenses due in the amount of $8,470, $820 of which were expenses. The trial court awarded attorney’s fees in the amount of 25 percent of the total award, $2,482.24, plus costs.
A reasonable attorney’s fee is determined by the facts of an individual case.[3] Factors to be taken into consideration in determining the reasonableness of attorney’s fees include: (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) amount of money involved; (5) Uextent and character of the work performed; (6) legal knowledge, attainment, and skill of the attorneys; (7) number of appearances made; (8) intricacies of the facts involved; (9) diligence and skill of counsel; and (10) the court’s own knowledge.[4]
.However, as it presides over the matter, the trial court’s inherent familiarity with the work of the attorneys, the complexity of the issues, the effort put forth, and the time invested additionally justify the significant deference afforded to the amount of attorney’s fees awarded.[5] Here, the lease contract called for “reasonable” attorney’s fees. Although the trial court determined fees by alluding to a percentage of the award, nevertheless it is the amount granted with which we are concerned. Based on the record, and considering the appropriate factors, we find no abuse of discretion in the award of attorney’s fees in the present matter.
For the foregoing reasons, the judgment is affirmed.

AFFIRMED

. Ken Lawler Builders, Inc. v. Delaney, 36,263 (La.App. 2 Cir. 8/14/02), 837 So.2d 1 (citing Richard v. Broussard, 495 So.2d 1291 (La.1986)). See also, Huckabay v. Red River Waterway Com'n, 27,113 (La.App. 2 Cir. 10/12/95), 663 So.2d 414.

. Sunbelt Sec. Servs., Inc. v. Delahoussaye (La.App. 4 Cir. 1990), 572 So.2d 598.

. Southern Marine Sales, Inc. v. Matherne, 05-181 (La.App. 5 Cir. 11/29/05), 915 So.2d 1042, writ denied, 06-0177 (La.4/24/06), 926 So.2d 545 (citing Gottsegen v. Diagnostic Imaging Serv., 95-971 (La.App. 5 Cir. 3/13/96), 672 So.2d 940).

. State, Dep't of Trans. & Dev. v. Williamson, 597 So.2d 439, 442 (La.1992).

. See, Singletary v. State Farm Fire & Cas. Co., 07-1347 (La.App. 3 Cir. 4/23/08), 982 So.2d 216. See also, Filson v. Windsor Court Hotel, 07-0755 (La.App. 4 Cir. 7/23/08), 990 So.2d 63 and Custom-Bilt Cabinet & Supply, Inc. v. Quality Built Cabinets, Inc., 32,441 (La.App. 2 Cir. 12/8/99), 748 So.2d 594.