**PAUL LUCKY III**

**VERSUS**

**TIERRA M. SINGLETON LUCKY**

\*      **NO. 2022-CA-0571**

\*

     **COURT OF APPEAL**

\*

     **FOURTH CIRCUIT**

\*

     **STATE OF LOUISIANA**

**\* \* \* \* \* \* \***

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-10104, DIVISION "I-14"
Honorable Lori Jupiter, Judge
**\* \* \* \* \* \***
**Judge Joy Cossich Lobrano**
**\* \* \* \* \* \***

(Court composed of Chief Judge Terri F. Love, Judge Joy Cossich Lobrano, Judge Karen K. Herman)

Lionel Lon Burns
ATTORNEY AT LAW
1465 N. Broad St.
New Orleans, LA 70119

     COUNSEL FOR PLAINTIFF/APPELLEE

Micah C. Zeno
Martin E. Landrieu
GORDON ARATA MONTGOMERY BARNETT MCCOLLAM DUPLANTIS &
EAGAN, LLC
201 Saint Charles Ave, 40th Floor
New Orleans, LA 70170-4000

     COUNSEL FOR DEFENDANT/APPELLANT

**VACATED AND REMANDED WITH INSTRUCTIONS**

**MARCH 15, 2023**

Defendant/appellant, Tierra M. Singleton ("Wife") brings this appeal. This matter arises from a fraudulently obtained June 15, 2021 Judgment of Divorce, which the district court granted based on a Petition for Divorce Under Article 103 signed by an attorney for plaintiff/appellee, Paul Lucky, III ("Husband"), and two purportedly notarized documents: a Waiver of Citation and Service Process ("Waiver") and a Verification (collectively, the "Fraudulent Documents"). Wife claims that Husband, or someone acting on his behalf, forged her signature and improperly filed these Fraudulent Documents into the district court record.

In Wife's motion to vacate, Wife sought to have the Judgment of Divorce declared null and requested findings of perjury, forgery, contempt of court, and fraud, and a monetary award for attorney's fees, court costs, and expenses incurred in response to Husband's fraudulent court filings citing, among other statutes, La. C.C.P. art. 863 and La. C.C.P. art. 2004.

On March 16, 2022, the district court ruled that the Judgment of Divorce was "obtained fraudulently" and ordered Husband to pay attorney's fees of

1

$500.00 to Wife although Wife's attorney submitted an invoice for $12,583.50. The district court did not make a finding identifying the person(s) responsible for the Fraudulent Documents.

We vacate the March 16, 2022 judgment and remand this matter to the district court to hold an evidentiary hearing to make a factual finding identifying the person(s) responsible for the execution and filing into the record of the Fraudulent Documents and to rule as to whether the attorney's fee and cost award is mandated under La. C.C.P. art. 863 and/or warranted under La. C.C.P. art. 2004.

## FACTS AND PROCEDURAL HISTORY

On November 30, 2020, Husband filed a Petition for Divorce Under Article 103. Service of citation was requested on Wife at an incorrect address, and on February 2, 2021, the Sheriff was unable to effect service on Wife. Thereafter, on March 2, 2021, the Fraudulent Documents were filed into the record. These included the Waiver, dated February 11, 2021, bearing the purported signature of "Tierra Singleton Lucky," which stated that she was furnished with a copy of the petition of divorce and waived formal citation and service of process, all legal delays, notice of trial, and appearance at trial. The Waiver was accompanied by a Verification, also purportedly signed by "Tierra Singleton Lucky," stating that she read the petition of divorce and "attests and testifies that all of the factual allegations contained in the Petition are true and correct to the best of her knowledge."

On April 16, 2021, Husband filed a motion for default judgment, claiming that Wife had been served with the petition for divorce and had filed nothing into the record. On April 20, 2021, the district court signed an order entering a preliminary default. On June 15, 2021, the district court rendered a Judgment of Divorce, confirming the preliminary default.[1]

On December 23, 2021, Wife's attorneys sent a demand letter to Husband and his attorney, stating that Wife did not execute or file the Waiver and Verification and seeking Husband's voluntary withdrawal of the April 20, 2021 preliminary default and June 15, 2021 Judgment of Divorce. No response to the demand letter appears in the record, and Wife's attorneys represent that, in a telephone call the same day, Husband's attorney refused to withdraw these judgments.

On January 3, 2022, Wife's attorneys filed a notice of enrollment, limiting the scope of their representation to challenging the June 15, 2021 Judgment of Divorce and not the underlying divorce proceeding. On January 5, 2022, Wife propounded written discovery requests on Husband.

On January 7, 2022, Wife filed a motion to vacate judgments. She alleged that Husband intentionally misstated Wife's address for service of the petition, as a result of which the Sheriff was unable to effect service on Wife. She claimed that Husband, or someone acting on his behalf, forged her signature on the Fraudulent

---

[1] In 2021, at the time these judgments were rendered, La. C.C.P. art. 1701 governed entry of a preliminary default, and La. C.C.P. art. 1702 provided for confirmation of a preliminary default. Effective January 1, 2022, La. C.C.P. art. 1701 was repealed, and the present default judgment procedure is set forth in La. C.C.P. art. 1702. *See* Acts 2021, No. 174, § 5, eff. Jan. 1, 2022; Acts 2021, No. 174, § 6, eff. Jan. 1, 2022; Acts 2021, No. 259, § 2.

Documents and filed these documents into the record without her authorization. Wife argued that Husband improperly filed a motion for default judgment, which the district court granted based on the Fraudulent Documents. She argued that filing the Fraudulent Documents and/or seeking the Judgment of Divorce by default were false certifications presented to the district court for an improper purpose, including to harass Wife. In her motion, Wife sought to have the Judgment of Divorce declared null and requested findings of perjury, forgery, contempt of court, and fraud, and a monetary award for attorney's fees, court costs, and expenses incurred in response to Husband's fraudulent court filings citing, among other statutes, La. C.C.P. art. 863 and La. C.C.P. art. 2004.

On January 25, 2022, Husband provided answers to Wife's written discovery requests, in which he denied any knowledge of the Fraudulent Documents. He also stated that he was "[a]dvised by Paralegal Randy Tucker" regarding the Waiver and that he "asked Mr. Tucker to check the case for service and answer."[2] Husband did not file any opposition to the motion to vacate.

On February 15, 2022, the parties and their attorneys appeared for a hearing on the motion to vacate. Both parties consented on the record in open court to vacating both the preliminary default and the Judgment of Divorce. Wife, through counsel, argued that she was entitled to recover her expenses incurred in response

_____

[2] The record contains a string of emails from Wife's counsel attempting to schedule a discovery conference on January 24, 2022, and again on January 25, 2022, after receiving Husband's discovery responses, as Wife's counsel deemed the responses deficient. The record does not contain any motion to compel discovery. Wife's counsel also requested deposition dates for Husband and his attorney's paralegal, Randy Tucker, beginning with the week of February 21, 2022, after the hearing on the motion to vacate had gone forward.

to the fraudulent court filings by Husband, or someone acting on his behalf, and in seeking nullification of the Judgment of Divorce. Husband and Husband's attorney did not oppose vacating the Judgment of Divorce, though Husband's attorney argued that no fraud or ill practice occurred because Husband did not receive any benefit from the Judgment of Divorce and that Wife did not incur any damages or prejudice. Wife introduced into evidence her demand letter, Husband's answers to Wife's written discovery requests, and Wife's affidavit stating that she did not execute or authorize the Waiver or Verification. The district court granted the motion to vacate from the bench, without taking witness testimony, and declared the preliminary default and Judgment of Divorce null. The district court took Wife's additional requests for relief under advisement and invited the parties to submit post-hearing briefs.[3]

On February 23, 2022, Wife submitted a post-hearing brief to which she attached a copy of redacted, itemized attorney's fee bills of $12,583.50 and costs of $63.00.[4] Husband did not file any post-hearing brief or opposition to Wife's submission of her attorney's fees and costs.

On March 16, 2022, the district court rendered judgment as follows:

> The court, having found that the *Judgment of Divorce* signed on June 15, 2021 was obtained fraudulently, and considering the law, the evidence and

---

[3] The district court rendered a judgment on March 21, 2022, which set forth its in-court ruling nullifying the preliminary default and Judgment of Divorce and taking the remaining issues under advisement. This Court's opinion does not disturb the March 21, 2022 judgment nullifying these judgments.

[4] Additional attachments to Wife's post-hearing brief included the emails discussed in n. 1, *infra*, and a redacted "activity log" generated by Wife's counsel relative to many of the itemized attorney fee billing entries.

the testimony of the parties, the following is made a Judgment of the Court:

> **IT IS ORDERED, ADJUDGED AND DECREED** that Tierra Singleton's request for Attorney's Fees is **GRANTED**. Paul Lucky, III is to pay unto Tierra Singleton attorney's fees in the amount of five hundred ($500). This amount shall be paid in full on or before June 16, 2022.

(Emphasis in original). This appeal followed.

## ASSIGNMENTS OF ERROR

On appeal, Wife raises the following assignments of error:

1. The district court erred when it failed to declare that the waiver of citation and service of process and the verification were forgeries.

2. The district court erred when it failed to find that the plaintiff committed perjury.

3. The district court erred when it failed to declare that the plaintiff obtained the default judgment by fraud or ill practices.

4. The district court abused its discretion when — without determining the reasonableness of Ms. Singleton's attorney's fees — the district court awarded Ms. Singleton less than 4.00% of the attorney's fees instigated by the plaintiff.

## DISCUSSION

We agree with Wife that the district court failed to make required determinations as to forgery, perjury, and fraud, which are necessary to ascertain the applicable statutory provision(s) in the awarding of attorney's fees and costs, and, as such, it erred as a matter of law. Legal issues are reviewed *de novo* on appeal. *Gordon v. Gordon*, 16-0008, p. 3 (La. App. 4 Cir. 6/8/16), 195 So.3d 687,

6

689. When the law is erroneously applied by the district court, appellate courts also use the *de novo* standard of review. *Id.*[5]

In Louisiana, the prevailing party may only recover attorney's fees where authorized by contract or statute. *Borgnemouth Realty Co. v. Parish of St. Bernard*, 13-1651, p. 17 (La. App. 4 Cir. 5/21/14), 141 So.3d 891, 902. Article 2004 of the Louisiana Code of Civil Procedure governs an action to annul a judgment for fraud or ill practices and allows an award of reasonable attorney's fees to the prevailing party. Article 863 of the Louisiana Code of Civil Procedure sets forth when sanctions, including attorney's fees and costs, are mandated. We cannot ascertain from the district court judgment the statutory basis for the attorney's fees awarded.

Wife filed and prevailed on a motion to vacate judgments, which was ultimately unopposed. In support of her motion, Wife propounded discovery to Husband, appeared at one hearing, and filed a post-hearing brief as to her claims for declaratory relief and to recover her attorney's fees incurred in seeking nullification of the judgments at issue. Husband never filed any opposition to annulling the judgments and agreed to vacate the judgments in open court. He filed no post-hearing brief and offered no written opposition to Wife's submission of attorney's fees.

---

[5] Ordinarily, an award of attorney's fees is subject to review for an abuse of discretion. *Filson v. Windsor Ct. Hotel*, 07-0755, 07-0756, p. 6 (La. App. 4 Cir. 7/23/08), 990 So.2d 63, 67. A district court "abuses its discretion if its decision is based on an erroneous interpretation or application of law." *Zapata v. Seal*, 20-01148, p. 3 (La. 9/30/21), 330 So.3d 175, 178. Due to our conclusion and instructions to the district court to hold an evidentiary hearing, we do not review the amount of attorney's fees in this opinion.

In rendering the judgment on appeal, the district court found that the Judgment of Divorce was "obtained fraudulently." It did not, however, identify any person as having executed or filed the Fraudulent Documents and did not make any findings as to forgery, perjury, or civil fraud as to any person. While the preliminary default and Judgment of Divorce were vacated per the agreement of the parties, the district court's March 16, 2022 judgment contains no finding of fraud or ill practices under La. C.C.P. art. 2004 and/or under La. C.C.P. art. 863.

We must, therefore, remand this matter to the district court so that it can receive evidence at a hearing and determine the person(s) responsible for the Fraudulent Documents and whether, and the amount of, attorney's fees and costs must be imposed against them under the applicable articles. It is well-settled that the authority to impose art. 863 attorney fees is limited to the trial court. *Keaty v. Raspanti*, 03-1080, p. 11 (La. App. 4 Cir. 2/4/04), 866 So.2d 1045, 1053 (quoting *Hampton v. Greenfield*, 618 So.2d 859, 862 (La. 1993)). Attorney fees under this article "shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument. . ." La. C.C.P. art. 863(E).[6] On remand, the district court can, "in its discretion, determine the type and severity of sanctions to impose." *See Keene v. Holdsworth*, 53,649, pp. 19-20 (La. App. 2 Cir. 1/13/21), 318 So.3d 417, 427-28 (collecting cases).

_____

[6] A petition for nullity is properly brought as an ordinary proceeding, not summarily determined on a motion or rule to show cause, but where the opponent fails to assert a dilatory exception of unauthorized of summary proceedings, the objection is waived. *Hyde v. Cash Control Sys., L.L.C.*, 14-0258, p. 7 (La. App. 4 Cir. 9/3/14), 150 So.3d 7, 12-13. In any event, a motion for Article 863 sanctions is brought by a rule to show cause in a summary proceeding. *See* La. C.C.P. arts. 863(E); 2592(3); 2593.

**CONCLUSION**

Accordingly, in light of the egregious fraud made upon the court, we vacate the March 16, 2022 judgment of the district court. Further, we remand this matter to the district court to hold an evidentiary hearing to make a factual finding identifying the person(s) responsible for the execution and filing of Fraudulent Documents into the public court record; and to determine whether attorney's fees are warranted under La. C.C.P. art. 2004 and/or are mandated under La. C.C.P. art. 863, and if so, in what amount and against whom the attorney's fees and costs shall be ordered.

**VACATED AND REMANDED WITH INSTRUCTIONS**