WALTZER, Judge.
Federal National Mortgage Association (FNMA) appeals from a judgment awarding Catherine Smith (Smith) $1,200 in curator’s fees. The issue for review is whether the trial court erred in setting the curator’s fees in that amount.
On September 17, 1992, FNMA filed a petition for executory process against six defendants, seeking to recover $5,300 plus interest under a mortgage note. After trying unsuccessfully to serve defendants, FNMA filed a motion to appoint a curator ad hoc on defendants’ behalf. Pursuant to this motion, attorney Catherine Smith was appointed curator.
After carrying out her duties as curator, Smith presented FNMA a bill for her cura-torship, requesting $2,100 for services rendered and $156.16 for expenses incurred. FNMA refused to pay this bill, but made a counter offer of $450 for services plus $156.16 for expenses. Smith refused this offer.[1]
On May 19, 1993, Smith filed a-motion to enforce payment of curator’s fees and costs. A show cause hearing on Smith’s motion was held June 4, 1993, at which Smith represented herself. Testimony presented at this hearing consisted solely of that of three witnesses who were called by FNMA to testify as to customary charges for curatorship services.
Attorney James B. Arceneaux testified that he had handled between 3,500 and 4,000 executory proceedings during the past five years, about thirty percent of which required appointment of a curator. Arceneaux stated that curators generally charge about $350 in Orleans Parish, and that the highest fee he had ever paid was $600.
On cross-examination, Arceneaux stated that $350 generally covers the whole case, regardless of the number of .defendants. When asked whether he had ever seen a curatorship involving multiple defendants where the bill for services was greater than $350, Arceneaux replied, “I can’t give you a direct answer to that. Generally they are three hundred and fifty to four hundred dollars.”
Attorney Alvin Hughes testified that he had been appointed as a curator in executory proceedings forty to fifty times in the past five years. Hughes stated that it took him approximately one hour to carry out his duties as curator, which included finding addresses of defendants, mailing letters, and, in some cases, advertising in the newspaper. Hughes stated that he customarily charged $250 to $275 for his services as curator.
On cross-examination, Hughes stated that he usually charged an additional $50 for each defendant after the first two.
Paralegal Joanne Livanos testified that she had administered over 4,000 executory proceedings during the past five years, about fifty percent of which required appointment of a curator. Livanos stated that curators in executory proceedings involving multiple defendants generally charge $300 to $400. In addition, Livanos testified specifically as to fees charged by curators in three executory proceedings which she had administered in her capacity as a paralegal.[2] Each of the three proceedings involved two defendants, and each had been administered during the past year; the curator’s bills in these proceedings were $250, $385.86, and $375.47, respectively.
On cross-examination, Livanos reiterated her testimony that curators generally charge $300 to $400, but stated that her office had received bills that were “a bit higher than that but not much more than that.” When asked whether she had seen bills in excess of the average which were similar to Smith’s bill, Livanos replied, “No, none similar to your bill.” Livanos further stated that her office had “never paid twenty-two hundred dollars or anything close to that.”
*523 Smith offered no testimony as to customary fees, nor did she testify as to the amount of work she performed in the executory proceeding at issue. Ruling from the bench, the trial judge awarded Smith $1,200; this figure represented fees for services rendered, plus expenses for bringing Smith’s rule to enforce payment. In addition, the court awarded Smith $156.16 for expenses incurred as curator, as agreed to by the parties. The court’s judgment was reduced to writing on June 15, 1993.
FNMA brought this appeal, arguing that the trial court set an exorbitant curator fee in this case. We agree. Based on the record below, the trial court’s award of curator’s fees was excessive.
An attorney appointed as a curator is entitled to a reasonable fee for his or her services. La.C.C.P. art. 5096. In determining a curator’s fees, the trial court should consider the nature of the case, the amount in controversy, the responsibility incurred, the complexity of the issues, the legal experience and knowledge of the attorney appointed as curator, and the ability of the plaintiff to pay. Selby v. Hyman, 480 So.2d 414 (La.App. 4th Cir.1985).
A curator ordinarily has a duty to assert any available defense on behalf of the defendant. La.C.C.P. art. 5095. However, a curator’s “sole function in an executory proceeding is to receive service of process and to notify the defendant of the pendency of the proceeding.” Comment (b) to La.C.C.P. art. 5095.
At the hearing on this matter, FNMA offered testimony from three witnesses which tended to establish that curators in executory proceedings involving multiple defendants customarily charge $300 to $400 for their services. In addition, witness Alvin Hughes testified that it generally took him about an hour to carry out his duties as curator in a given case.
Smith offered nothing to rebut FNMA’s showing as customary curatorship fees and average amount of time required to complete duties in an executory proceeding curator-ship. Nor did Smith offer anything to show that the demands of her representation of the six defendants somehow required her to expend more than the customary amount of time and effort in carrying out her duties. Under these circumstances, the trial court abused its discretion in awarding $1,200 in curator’s fees.
Based on the testimony presented, the highest fee which could be considered customary for a curator in an executory proceeding would be $400 for the first two defendants and $50 for each additional defendant thereafter. Accordingly, Smith’s fee for representation of the six defendants is reduced to $600, the maximum amount supported by the record.
In addition, the trial court’s award of costs for bringing Smith’s rule to recover fees is reversed. Smith’s $2,100 bill for services was grossly out of line with the testimony presented as to customary curatorship fees. FNMA’s offer of $450, on the other hand, was reasonable in light of the testimony. It appears that Smith’s rule to collect fees was necessitated largely by her refusal to lower her exorbitant fee into the reasonable range. Under these circumstances, Smith is not entitled to costs for bringing her rule to recover fees.
For the foregoing reasons, the judgment of the trial court is reversed. Smith is awarded $600 for services rendered and $156.16 for costs incurred during her tenure as curator.
REVERSED AND RENDERED.

. The facts presented in this paragraph appear in the briefs of both parties and are supported by the trial judge's comments in the transcript.

. Note: The trial court overruled an objection to Livanos' testimony as to the three executory proceedings.