982 So.2d 134 (2008)
SUCCESSION OF Helen Marie MINOR.
No. 07-CA-913.
Court of Appeal of Louisiana, Fifth Circuit.
March 11, 2008.
Lawrence J. Fritz, Attorney at Law, Metairie, Louisiana, for Plaintiff/Appellant.
Richard R. Schulze, Attorney at Law, Metairie, Louisiana, for Defendant/Appellee.
Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS, and WALTER J. ROTHSCHILD.
MARION F. EDWARDS, Judge.
Plaintiff/appellant, Susan M. Minor ("Ms. Minor"), appeals a judgment of the district court annulling a Judgment of Possession and awarding damages to the defendant/appellee, John Minor.
On June 17, 2004, Ms. Minor filed a Petition for Administration of the Succession of her mother, Helen Marie Minor ("Mrs. Minor"), who, she claimed, died intestate on April 19, 2004. The petition alleged that her brother, John Minor, was the only other heir. The only asset listed in the Descriptive List was Mrs. Minor's home, valued at $80,000. The trial court granted the petition appointing Ms. Minor as Administratrix of the Succession. Letters of administration were issued and a Detailed Annual Account was filed on June 20, 2005. On July 11, 2006, John Minor ("Mr. Minor") filed a Petition for Removal of Administratrix and for Appointment as Administrator. In that pleading, Mr. Minor alleged that the detailed descriptive list filed in the original proceeding was insufficient and that there were unaccounted for assets in the estate, including *135 insurance proceeds from Hurricane Katrina. Mr. Minor also opposed the Annual Account filed by Ms. Minor due to insufficient facts and detail pertaining to assets, liabilities, and creditors. Also alleged were a breach of Ms. Minor's fiduciary duty to preserve the property and her failure to disclose information regarding the succession property. Following a hearing, the trial court removed Ms. Minor as Administratrix, appointed Mr. Minor as the Administrator, and ordered Ms. Minor to amend the detailed descriptive list to include all assets including jewelry, furniture, bank accounts, and real estate interests.
Letters of administration were subsequently issued to Mr. Minor on October 10, 2006. On October 18, the trial court signed a Petition for Suspensive Appeal by Ms. Minor. However, it appears that the suspensive appeal bond was never filed, and Ms. Minor dismissed the appeal voluntarily on December 18, 2006. In the interim, on November 13, Ms. Minor filed a Supplemental Petition to Probate Testament. On that date, an order was signed by the trial court ordering the will filed and terminating the administration of the succession. The court also signed a Judgment of Possession placing Ms. Minor in sole possession of Mrs. Minor's home.
On December 18, 2006, Mr. Minor filed a Petition to Annul Probated Testament and Judgment of Possession, urging that the olographic testament was never ordered probated nor was it proven in accordance with LSA-C.C.P. art. 2883. Ms. Minor denied the allegations of the petition and filed a reconventional demand for damages.
The petition for nullity came for trial on February 6, 2007, at which hearing neither Ms. Minor nor her attorney were present. The court annulled the November 13 Judgment of Possession and Order of Probate. This judgment was not appealed. Nevertheless, on February 23, 2007, Ms. Minor filed another ex parte Supplemental Petition for Probate and Possession, stating that Ms. Minor was the sole legatee of the estate, that there was no opposition to probate, and that she be reinstated as sole legatee according to the olographic will. A judge in another section of court signed the Judgment of Possession in favor of Ms. Minor. Mr. Minor, asserting that he had not been notified of this second amending petition, filed a second Petition to Annul Judgment of Possession for Fraud and 111 Practices and for Sanctions.
Following a hearing, the trial court annulled the second judgment of possession and awarded Mr. Minor $5,000 in sanctions. It is from this judgment that Ms. Minor appeals.
The appellate brief does not conform to the Uniform Rules, Courts of Appeal, Rule 2-12.4. Although this failure to follow the rules of court subjects appellant's attorney to contempt of court and to having such "brief" returned, we find it more prudent to address such issues as can be ascertained. After some consideration, we detect three issues from Ms. Minor's brief. First, she alleges that she should have been named as defendant and that Mr. Minor filed the petition for nullity in the succession proceedings. LSA-C.C.P. art. 2931 states that a probated testament may be annulled only by a direct action brought in the succession proceeding against the legatees, the residuary heir, if any, and the executor, if he has not been discharged. There is no merit to this contention.
Ms. Minor also avers that no reasons for judgment were given. In the present case, the trial court is not required to give reasons for judgment unless requested to do so by a party, provided the request is made not later than ten days after the mailing of the notice of the signing of the *136 judgment. LSA-C.C.P. art. 1917. No such request was made by Ms. Minor.
Finally, the appellate brief suggests that Mr. Minor did not request a Notice of Judgment. Ms. Minor does not suggest how this may have constituted error.
For the foregoing reasons, the judgment on appeal is affirmed. Costs are taxed to Ms. Minor.
AFFIRMED.