STEPHEN J. WINDHORST, Judge.
12Plaintiffs, Randy St. Blanc and Amy Harrison St. Blanc (“St. Blanc”) appeal from the trial court’s judgment awarding $10,525.96 in attorneys’ fees and costs. For the reasons that follow, we affirm the decision of the trial court.
This proceeding was instituted when St. Blanc filed a petition alleging that the defendants, Sidney A. Stabile, John N. Bu-relle and BBI, L.L.C. (“BBI”), had defaulted on a promissory note. St. Blanc sought the balance due on the note, plus interest and attorney fees. The petition alleged that Stabile and Burelle were also liable individually as a result of having executed a guaranty on the promissory note. BBI filed a reconventional demand alleging that the promissory note and guaranty were given in connection with a credit sale of certain assets and that St. Blanc breached their warranties and committed fraud in the confection of the sale; therefore, their consent to the sale, the promissory note and guaranty was vitiated by error and fraud. BBI sought nullification and/or rescission of the sale, as well as damages, return of the purchase price and attorneys’ fees. In the reconventional demand, BBI also asserted a third-party demand against St. Blanc Enterprises, Inc., |sa corporation which had been dissolved and then reinstated during the course of these proceedings.[1] Thereafter, BBI filed a supplemental and amending petition asserting claims of unjust enrichment and or detrimental reliance.[2]
Both St. Blanc and BBI filed several motions for summary judgment and all but one was denied. On June 10, 2011, the trial court granted St. Blancs’ motion for partial summary judgment, and dismissed BBI’s claim of breach of warranty of trade name.
Trial was held on February 6 and 7, 2012. On March 8, 2012, the trial court rendered judgment in favor of St. Blanc for $42,103.84. The trial court further dismissed BBI’s reconventional demand, finding them to be without merit.
On May 3, 2012, the trial court heard St. Blanc’s Motion to Fix Attorney’s Fees and Costs. The trial court rendered judgment on May 25, 2012, awarding attorneys’ fees and costs of $10,525.96.
St. Blanc now appeals, alleging that the trial court abused its discretion in setting attorneys’ fees.
In Louisiana, the prevailing party may not recover attorneys’ fees except where authorized by contract or statute. *1160 Brandner v. Staf-Rath, L.L.C., 12-62 (La.App. 5 Cir. 5/31/12), 102 So.3d 186, 189 writ denied, 12-2196, 12-2210 (La.11/21/12), 102 So.3d 62. In this case, the promissory note between the parties provided that in the event that the note should be placed in the hands of an attorney for collection, “the makers bind themselves to pay the reasonable fees of the attorney who may be employed for that purpose.” In addition, the personal guaranty of the individual plaintiffs also provided a guaranty for the payment of attorneys’ fees.
|4A reasonable attorneys’ fee is determined by the facts of an individual case. Gottsegen v. Diagnostic Imaging Services, 95-977 (La.App. 5 Cir. 3/13/96), 672 So.2d 940, 943 writ denied, 96-6707 (La.4/26/96), 672 So.2d 909. Factors to be taken into consideration in determining the reasonableness of attorneys’ fees include: (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) the amount of money involved; (5) the extent and character of the work performed; (6) the legal knowledge, attainment, and skill of the attorneys; (7) the number of appearances involved; (8) the intricacies of the facts involved; (9) the diligence and skill of counsel; and (10) the court’s own knowledge. Rivet v. State, Dept. of Transp. & Dev., 96-0145 (La.9/5/96), 680 So.2d 1154, 1161.
Courts consider the above factors in all cases to determine reasonable attorneys’ fees to be awarded regardless of whether the right to attorneys’ fees arises by statute or contractual provision. Brandner, supra at 189. The court is not bound by a contingency fee contract or the amount actually charged by the attorney. Jackson Square Towne House Home Ass’n, Inc. v. Hannigan, 38,239 (La.App. 2 Cir. 3/3/04), 867 So.2d 960, 965-66. The trial court has much discretion in fixing the award of attorneys’ fees and this award will not be modified on appeal absent an abuse of discretion. Doucet v. First Fed. Guar., 11-9 (La.App. 5 Cir. 8/30/11), 72 So.3d 478, 485, writ denied, 11-2384 (La.12/16/11), 76 So.3d 1207.
In this case, St. Blanc seeks $120,198.57 in attorneys’ fees and costs, broken down as follows: attorneys’ fees of $7,398.48 for attorney Timothy Marcel who represented St. Blanc from the institution of suit in July of 2008 until September of 2009; attorneys’ fees of $98,652.00 for the firm of Blue, Williams, L.L.P., who | ^currently represents St. Blanc; court costs of $2,711.60; and other costs of $11,436.49.
The lawsuit was for collection on a promissory note, resulting in a judgment in favor of St. Blanc of $42,103.84. Defendants filed affirmative defenses and reeon-ventional demands asserting claims of fraud, unjust enrichment, and detrimental reliance, which were unsuccessful. Defendants also filed a third party demand which resulted in plaintiffs’ motion to reinstate corporation. St. Blanc filed five motions for summary judgment (with partial success), one exception of no cause of action and one exception of prescription (which was granted). St. Blanc filed for discovery, and also defended against BBI’s discovery pleadings. Trial was held on February 6 and 7, 2012, after which both parties filed post-trial memorandum. In addition, attorneys for St. Blanc filed the motion to set attorneys’ fees and appeared at the hearing on the motion.
Attorneys for St. Blanc also filed statements in which they asserted that they spent 559.1 attorney hours and 41.8 paralegal hours on this matter.
After the hearing on the motion to set attorney fees, the trial court awarded attorneys’ fees and costs of $10,525.96 significantly less than the $120,000 that St. *1161 Blanc alleged they were owed. In ruling, the court said, “The court further finds that an attorney has a duty to mitigate client damages. If the total amount of relief sought is one-third of the total attorneys’ fees and costs, the attorneys have done a disservice to their clients.” (Emphasis in original). The court also noted that in cases such as this, the standard terms in contracts set attorneys’ fees at 25% or a sum not less than a specific amount, subject to a determination of reasonableness by the courts.
In this appeal, St. Blanc alleges that it was error for the court to grant a standard 25% recovery, rather than consider the factors as set forth in Rivet, supra. Blanc further contends that courts have, in the past, affirmed awards of attorneys’ fees in excess of the amount recovered, (citing Brandner, supra) and that this case warrants such a result.
A review of the record shows that both parties presented evidence and argued the Rivet factors in the hearing before the court, and therefore the court was well aware of those factors in rendering its decision. The trial court is not required to give reasons for judgment unless requested to do so by a party, provided the request is made not later than ten days after the mailing of the notice of the signing of the judgment. La.C.C.P. art. 1917; In re Succession of Minor, 07-913 (La.App. 5 Cir. 3/11/08), 982 So.2d 134, 135-36; City of Eunice v. Carrier, 01-1184 (La.App. 3 Cir. 2/20/02), 821 So.2d 3, 6.
As we have stated previously, a trial court’s determination of attorneys’ fees will not be disturbed unless it is manifestly erroneous. Taking into consideration the Rivet factors including but not limited to the nature of the litigation involved, the result achieved, and the performance of counsel, we cannot say that the trial court erred in its award of attorneys’ fees.
For the above discussed reasons, the decision of the trial court awarding attorney fees and costs of $10,525.96 is affirmed. Costs of this appeal are assessed against appellants. ■
AFFIRMED

. St. Blanc’s Motion to Reinstate Corporation was granted by the trial court on January 3, 2011.

. St. Blanc’s exception of prescription to the claims raised in the amended petition was granted on May 13, 2010. This court denied writs on July 27, 2010. St. Blanc v. Stabile, 10-542 (La.App. 5 Cir. 7/26/10)(unpublished).