STEPHEN J. WINDHORST, Judge.
| ^.Defendant, Allen Kent Jones, filed this appeal from the trial court’s judgment awarding an additional $39,219.75 in attorney’s fees and costs, contending that the award is excessive. Adrian Lapeyronnie, appointed counsel for absentee defendant Jennifer Jones, filed an answer, seeking an increase of attorney’s fees awarded in the trial court and requesting attorney’s fees for the defense of this appeal. For the reasons that follow, we affirm the decision of the trial court. We further deny any relief as prayed for in appellee’s answer.
FACTS AND PROCEDURAL HISTORY
The relevant facts and procedural history of this matter were set forth by this court in Quantum Res. Mgmt., L.L.C. v. Pirate Lake Oil Corp., 12-256 (La.App. 5 Cir. 11/13/12), 105 So.3d 867, 868-69, writ denied, 13-0084 (La.3/8/13), 109 So.3d 361 (footnotes omitted). Briefly, Quantum Resources Management, L.L.C. & Milagro Producing, L.L.C. (hereinafter “Quantum”) filed this concursus proceeding, asserting that they were the unit operator of two producing wells, |sknown as the Mayronne No. 1 Well and the Mayronne No. 2-Alt Well, located on property that included Lots 1-5 near Lafitte, Louisiana. Quantum deposited production proceeds from the producing wells into the registry of the court. Quantum named various parties as *464 defendants, which they identified from the public records as possibly having ownership interests in and to portions of the property that formed part of the land on which the wells were located.
Among the defendants named were Allen Kent Jones, Jennifer Elizabeth Jones, Patrick Kent Lindsay Jones and Jacqueline A.L. Jones. On May 30, 1989, Elizabeth Corrine Handlin Jones, wife of Allen Kent Jones, and mother of Jennifer, Patrick, and Jacqueline Jones, died testate in the State of Texas. Mrs. Jones bequeathed all of her property, both community and separate, to her surviving spouse. Included were Lots 1-5, which were Mrs. Jones’ separate property. However, at the time of Mrs. Jones’ death, Louisiana law provided that all children of the deceased, regardless of age, were forced heirs. Nevertheless, Mrs. Jones’ succession was probated in Texas and Mr. Jones was placed in possession of all her property.
In August of 1999, Mr. Jones and the Jones children filed an action entitled “Ancillary Succession of Elizabeth Corrine Jones,” in the 24th Judicial District Court. A judgment of possession was rendered in that proceeding recognizing the Jones children as Mrs. Jones’ forced heirs as to her Louisiana separate property, and reducing the universal bequest made to Mr. Jones, since the original bequest to Mr. Jones impinged upon the Jones children’s legi-time. The judgment of possession placed Mr. Jones into possession of half of Mrs. Jones’ interest in and to the subject property in full ownership, and placed the Jones children into possession of the remaining half of her interest in and to the subject property as naked owners, subject to a lifetime usufruct in favor of Mr. Jones.
LMayronne No. 1 Well began production sometime in 1996, and the Mayronne No. 2-Alt Well began production sometime in 2000. Several of the defendants-in-eoncur-sus, including Mr. Jones and the Jones children, asserted claims in the concursus proceeding to the funds deposited into the registry of the court. Jennifer Jones was an absentee defendant and on July 15, 2011, pursuant to a motion filed by Mr. Jones, the trial court appointed Adrian Lapeyronnie to represent her.
Mr. Jones filed a motion for summary judgment in the concursus proceeding, arguing that he, as usufructuary, was entitled to the portion of the proceeds deposited into the registry of the court attributable to his children’s naked ownership interests in and to the subject property, under the provisions of the Louisiana Mineral Code. Jennifer Jones filed a cross-motion for summary judgment, taking the contrary position that under the pertinent Mineral Code provisions, the naked owners, not the usu-fructuary, are entitled to the mineral proceeds in question. At issue was the question of when Mr. Jones’ usufruct was created, whether it was in 1989 at Mrs. Jones’ death, or in 1999, when the judgment of possession was rendered in the ancillary succession proceeding.
The trial court rendered judgment on December 15, 2011, amended on February 15, 2012, granting summary judgment in favor of Jennifer Jones and denying Mr. Jones’ motion for summary judgment. The trial court did not assign reasons for its judgment. Mr. Jones appealed from the trial court’s judgment, as did plaintiffs.
On November 22, 2011 and again on March 19, 2012, while the appeal was pending, Mr. Lapeyronnie filed motions to have the court set attorney’s fees and costs. Mr. Jones’ motion to terminate representation was denied on March 15, 2012. On May 10, 2012, the trial court awarded Mr. Lapeyronnie costs and |fiattorney’s fees in the amount of $48,778.37. The *465 judgment was assessed against Mr. Jones, the party who requested court-appointed counsel for Jennifer Jones. On June 19, 2012 the judgment was amended to allow payment of the costs and attorney’s fees from the amount deposited in the registry of the court.
On July 25, 2012, Mr. Lapeyronnie filed an additional motion to assess attorney fees and costs for the time period from March 9, 2012 through June 20, 2012, alleging that he had performed additional work in the representation of Jennifer Jones, including representation on appeal and the first two motions to set costs and attorney’s fees. On September 18, 2012 the trial court granted Mr. Lapeyronnie’s motion and awarded additional costs and attorney’s fees of $39,219.75. On December 4, 2012, the judgment was amended to allow payment of the costs and attorney’s fees from the registry of the court.
Thereafter, on November 13, 2012, this Court reversed the finding of the trial court, concluding that Mr. Jones’ usufruct was created when the judgment of possession was rendered in Mrs. Jones’ ancillary succession proceedings, and not at the time of her death in 1989, and that he was entitled, as usufructuary, “to the mineral proceeds deposited into the registry of the court in proportion to the naked owners’ interest in and to the subject property.”
Mr. Jones now appeals from the judgment of September 18, 2012, granting to Mr. Lapeyronnie an additional $39,219.75 in costs and attorney’s fees. In his appeal, Mr. Jones alleges that the trial court erred in awarding attorney’s fees prior to a final determination of the underlying case. Mr. Jones also argues that the trial court erred in its supplemental award of attorney’s fees. Mr. Jones contends that the trial court failed to consider the mandatory factors for determining the measure of reasonableness of an attorney’s fee award, and that had the court done so, it would not have awarded any additional fees in this matter. Mr. Jones alleges that 16the award of $39,219.75, when added to the court’s prior award, constitutes an unreasonable and excessive fee.
Mr. Lapeyronnie filed an answer, seeking both an increase in the award from the trial court (from $39,219.75 to $57,494.75) and an award for costs and attorney’s fees arising from this appeal.
ANALYSIS
In Louisiana, the prevailing party may not recover attorney’s fees except where authorized by contract or statute. St. Blanc v. Stabile, 12-677 (La.App. 5 Cir. 4/24/13) 114 So.3d 1158, writ denied, 13-1185 (La.8/30/13), 120 So.3d 270; Brand-ner v. Staf-Rath, L.L.C., 12-62 (La.App. 5 Cir. 5/31/12), 102 So.3d 186, 189, writ denied, 12-2196, 12-2210 (La.11/21/12), 102 So.3d 62. In this case, attorney’s fees are provided by C.C.P. art. 5096 which provides that “The court shall allow the attorney at law appointed to represent a defendant a reasonable fee for his services, which shall be paid by the plaintiff, but shall be taxed as costs of court.” Furthermore, where a curator has been forced to litigate payment of a fee, the courts have allowed collection of an additional fee for that work as well. State in Interest of M.L.W., 12-331 (La.App. 5 Cir. 12/11/12), 106 So.3d 1121, 1123, writ denied, 13-0093 (La.3/1/13), 108 So.3d 1175.
A reasonable attorney’s fee is determined by the facts of an individual case. St. Blanc, supra at 1160; Gottsegen v. Diagnostic Imaging Services, 95-977 (La. App. 5 Cir. 3/13/96), 672 So.2d 940, 943, writ denied, 96-0707 (La.4/26/96), 672 So.2d 909. Factors to be taken into consideration in determining the reasonableness of attorney’s fees include: (1) the ultimate result obtained; (2) the responsibility in *466 curred; (3) the importance of the litigation; (4) the amount of money involved; (5)the extent and character of the work performed; (6) the legal knowledge, attainment, and skill of the attorneys; (7) the number of appearances 17involved; (8) the intricacies of the facts involved; (9) the diligence and skill of counsel; and (10) the court’s own knowledge. Rivet v. State, Dept, of Transp. & Dev., 96-0145 (La.9/5/96), 680 So.2d 1154, 1161, citing State, DOTD v. Williamson, 597 So.2d 439 (La.1992). See also Fed. Nat. Mortgage Ass’n v. Brown, 631 So.2d 521 (La.App. 4 Cir.1994).[1]
[4,5] Courts consider the above factors in all cases to determine reasonable attorney’s fees to be awarded regardless of whether the right to attorney’s fees arises by statute or contractual provision. St. Blanc, supra at 1160; Brandner, supra at 189. The court is not bound by a contingency fee contract or the amount actually charged by the attorney. Jackson Square Towne House Home Ass’n, Inc. v. Hanni-gan, 38,239 (La.App. 2 Cir. 3/3/04), 867 So.2d 960, 965-66. The trial court has much discretion in fixing the award of attorney’s fees and this award will not be modified on appeal absent an abuse of discretion. Doucet v. First Fed. Guar., 11-9 (La.App. 5 Cir. 8/30/11), 72 So.3d 478, 485, writ denied, 11-2384 (La.12/16/11), 76 So.3d 1207.
Mr. Jones first argues that the trial court erred in the second award of attorney’s fees prior to the final determination of the underlying case, or while the case was pending on appeal. Mr. Jones contends that since one of the factors for determining the reasonableness of an award of attorney’s fees is the outcome of the litigation, which was unknown until after this court’s decision on the underlying matter, the trial court was premature in its award.
La. C.C.P. art. 5096 provides that “The court shall allow the attorney at law appointed to represent a defendant a reasonable fee for his services, which shall be paid by the plaintiff, but shall be taxed as costs of court.” Pursuant to C.C.P. art. | s2088, the trial court retains jurisdiction to award these fees, even while an appeal is pending. Brandner v. Staf-Rath, L.L.C., 12-62 (La.App. 5 Cir. 5/31/12), 102 So.3d 186, fn. 3. We find no merit to this argument.
Mr. Jones next argues that the trial court was manifestly erroneous and abused its discretion in failing to consider mandatory factors for determining the measure of reasonableness of an attorney’s fee award as set forth in Williamson, and as mandated by this Court in Brandner, supra.
Our review of the record reflects that the factors were argued to the court on several occasions during both hearings on the setting of the attorney’s fees. The trial judge was familiar with and had a close understanding of the complexities and difficulties of the litigation. In rendering the judgment, the trial judge stated that he considered the applicable law, which would include the aforesaid factors to be applied in setting attorney’s fees. The trial court is not required to give reasons for judgment unless requested to do so by a party, La. C.C.P. art. 1917; St. Blanc, supra, and therefore the trial court *467 was not required to enumerate the factors and how the court has applied them. Thus, we find this argument to be without merit.
In his last two arguments, Mr. Jones contends that the trial court abused its discretion in its second award for attorney’s fees and costs of $39,219.75 which award, when added to the previous attorney’s fees award of $48,778.37, constitutes an unreasonable and excessive award under the facts of this case and under applicable law and jurisprudence. Mr. Jones further contends that the court erred in failing to rule that counsel was not entitled to any additional award of attorney’s fees after its initial award of $48,778.37.
The award of attorney’s fees encompasses two proceedings. First, Mr. La-peyronnie is entitled to collect attorney’s fees for the work performed in the appeal on behalf of Jennifer Jones in this case. Second, Mr. Lapeyronnie is |9entitled to attorney’s fees expended for having to file proceedings to collect the attorney’s fees for having been appointed to represent Jennifer Jones.
With regard to the attorney’s fees for the work performed on behalf of Jennifer Jones, Mr. Lapeyronnie had been successful in obtaining a judgment in her favor in the trial court. Mr. Lapeyronnie then had an obligation to defend this judgment against two appellants who presented two separate arguments to this court. While Mr. Lapeyronnie may have ultimately been unsuccessful in obtaining relief for his client, he was nonetheless obligated to advocate on behalf of Jennifer Jones at both trial and appellate levels.
Furthermore, Mr. Lapeyronnie was obligated to file proceedings to collect attorney’s fees for his work in this matter, both at the trial level and the appellate levels. These proceedings were contested by Mr. Jones, necessitating the filing of memorandum and two court appearances.
Attached to Mr. Lapeyronnie’s proceedings was a “Detail Transaction File List” describing the actions he took for both the appeal and his work to obtain attorney’s fees. Our review shows that the actions listed and the times assessed for these actions were not unreasonable, and that the trial court’s findings and award of fees was not clearly wrong or manifestly erroneous.
Mr. Jones argues that the trial court’s first award on $48,778.37 was reasonable for the entirety of work performed. However, the trial court found that amount reasonable for representation prior to the appeal, and Mr. Jones did not challenge that ruling. Considering the discretion of the trial court and taking into account the factors to be used in setting attorney’s fees, including the nature of the litigation involved, and the obligations and performance of counsel, we cannot say that the trial court erred in awarding an additional $39,219.75 in attorney’s fees li0and costs for Mr. Lapeyronnie’s representation of Jennifer Jones on appeal and also for his proceedings to obtain those fees.
In his answer, Mr. Lapeyronnie seeks an increase in the second award of attorney’s fees, from $39,219.75 to $57,494.75. However, having found no abuse in the trial court’s ruling awarding $39,219.75 in attorney’s fees, we will not disturb the judgment of the trial court and so refuse to increase those fees.
Also in his answer, Mr. Lapeyron-nie seeks attorney’s fees for this appeal. Even when requested, additional attorney’s fees may not be granted where the appellate court finds that the amount awarded in the trial court was sufficient to compensate counsel for both the work before the trial court and on appeal. Strong v. Eldorado Casino Shreveport Joint Ven *468 ture, 46,464 (La.App. 2 Cir. 8/10/11) 73 So.3d 967, 980, writ denied, 11-1975 (La.11/14/11), 75 So.3d 947. We find that the awards of attorney’s fees, which total $87,998.12, are sufficient to compensate Mr. Lapeyronnie for his work in this proceeding and we decline to award any additional fees.
For the above discussed reasons, the judgment of the trial court is affirmed, each party to bear its own costs.
AFFIRMED.
LILJEBERG, J., Concurs with Reasons.
CHAISSON, J., Dissents with Reasons.

. In Fed. Nat. Mortgage Ass’n v. Brown, the court said that "In determining a curator's fees, the trial court should consider the nature of the case, the amount in controversy, the responsibility incurred, the complexity of the issues, the legal experience and knowledge of the attorney appointed as curator, and the ability of the plaintiff to pay.” supra at page 523.