VILLAGE SHOPPING CENTER
PARTNERSHIP

VERSUS

KIMBLE DEVELOPMENT, LLC AND
MICHAEL KIMBLE

NO. 19-CA-238

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-NINTH JUDICIAL DISTRICT COURT
PARISH OF ST. CHARLES, STATE OF LOUISIANA
NO. 82,418, DIVISION "C"
HONORABLE EMILE R. ST. PIERRE, JUDGE PRESIDING

December 30, 2019

**STEPHEN J. WINDHORST**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Stephen J. Windhorst

**AMENDED; AFFIRMED AS AMENDED**

    **SJW**
    **FHW**
    **JGG**

COUNSEL FOR PLAINTIFF/APPELLANT,
VILLAGE SHOPPING CENTER PARTNERSHIP
 Leonard A. Davis
 Charles M. King

COUNSEL FOR DEFENDANT/APPELLEE,
KIMBLE DEVELOPMENT, LLC AND MICHAEL KIMBLE
 David C. Fleshman
 David B. Phelps
 Ross A. Dooley

**WINDHORST, J.**

In this appeal, appellant, Village Shopping Center Partnership ("Village"), seeks review of the trial court's award of attorneys' fees of $24,173.64, which was less than half of the amount of the $64,316.09 in attorneys' fees sought by Village. After review of the record, we amend the trial court's judgment awarding $24,173.64 in attorneys' fees; and render judgment awarding Village $44,316.09 in attorney fees.

**FACTS AND PROCEDURAL HISTORY**

The background of this case is set forth in Village Shopping Center Partnership v. Kimble Development, LLC and Michael Kimble, 18-740 (La. App. 5 Cir. 4/24/19), 271 So.3d 376.

In 2013, appellee, Kimble Development, LLC ("Kimble"), entered into a Contract for Development with Village to build an O'Reilly Auto Parts store on Village's property. According to the contract, Village agreed to pay Kimble a development fee of $35,000, and Kimble agreed to be responsible for all construction costs of the building exceeding $688,944.00, with the exception of unforeseen or uncontrollable costs such as asbestos or environmental mitigation and site clean-up. Pursuant to a contract addendum, the construction costs were adjusted to $713,413.71, thereby increasing Kimble's obligation for costs exceeding that amount. Village ultimately paid construction costs of $761,700.99, in addition to the $35,000.00 development fee. Village sought reimbursement from Kimble for the overpayment. Kimble refused to pay Village for the overpayment and litigation ensued.

After discovery concluded, Village filed a motion for summary judgment, seeking to recover from Kimble the overpayment owed under the contract. The trial court granted Village's summary judgment motion on July 20, 2018, awarding $48,347.28. On appeal of that judgment, this Court affirmed the trial court's

judgment granting Village's motion for summary judgment and the award of damages to Village. Village Shopping Center Partnership, *supra*.

In Village's petition for damages and accounting and reimbursement, Village also asserted that it would be entitled to attorneys' fees and costs from Kimble. The contract contained a provision stating that the "prevailing party in any litigation or dispute regarding breach and enforcement of this Agreement shall be entitled to reasonable attorneys' fees and court costs from the non-prevailing party." Village sought $64,316.09 in attorneys' fees and costs related to its contractual claim against Kimble. Kimble objected to this amount.

In conjunction with seeking its attorneys' fees, Village set forth the work necessary to obtain a judgment in this contractual matter. After attempts to resolve the matter amicably failed, Village's counsel investigated Kimble and drafted and filed the petition. In response to the petition, Kimble filed a peremptory exception of no right of action, which required consultation with the client, legal research, drafting and filing an opposition, and a court appearance. Kimble's exception was ultimately denied. Village also had to plan and prepare a defense to Kimble's affirmative defenses asserted in its answer. Village issued and responded to discovery requests, reviewing more than 2,000 pages of documents from Kimble's production. Village prepared for corporate representative depositions by compiling exhibits totaling hundreds of pages and preparing outlines for the depositions of Kimble's two corporate representatives.

After reviewing the deposition transcripts and discovery documents, Village's counsel prepared a Motion for Summary Judgment, a statement of essential legal elements, a statement of undisputed facts, and organized sixteen (16) exhibits to attach to the motion. Village also drafted a reply to Kimble's opposition and argued the motion in trial court. All of this was done successfully to obtain summary judgment in favor of Village for the full amount requested.

In support of its claim for attorneys' fees, Village submitted invoices and billing statements alleging entitlement to $64,316.09 in attorneys' fees and costs. Kimble submitted two oppositions to Village's motion for attorneys' fees, and Village filed two reply memos. Relative to the amount of the fees, Village asserted that all fees were reasonable, as well as emphasized that the litigation took approximately two years, and that it obtained a judgment for the full amount sought in the petition. Hearings were held on October 29, 2018 and December 13, 2018 to determine the amount of attorneys' fees and costs to which Village was entitled. At the hearing, Village's counsel testified regarding the fees incurred. Upon review, the trial court rendered judgment in favor of Village and against Kimble for attorneys' fees, and awarded Village $24,173.64, less than half of the amount of attorneys' fees sought in its petition. This appeal follows.

**DISCUSSION**

On appeal, Village asserts that the trial court abused its discretion in reducing its attorneys' fees by 60% without analyzing the <u>Rivet</u> factors for reasonableness and without providing any basis for the reduction other than that the fees were excessive because they exceeded the main demand. Village also challenges the reduction of its attorneys' fees on the basis that the reduction was more than requested by Kimble, the defendant responsible for paying the fees.

**Right to Recover Reasonable Attorneys' Fees**

In Louisiana, the prevailing party may not recover attorneys' fees except where authorized by contract or statute. <u>State, Dep't of Trans. and Development v. Williamson</u>, 597 So.2d 439 (La. 4/20/92). Courts may inquire as to the reasonableness of attorneys' fees as part of their prevailing, inherent authority to regulate the practice of law. <u>Id.</u> An award of attorneys' fees will not be modified on appeal absent a showing of an abuse of discretion. <u>Master Credit Corp. v.</u>

Campbell & Associates, Inc., 98-349 (La. App. 4 Cir. 11/25/98), 724 So.2d 266, 267.

When awarding attorneys' fees, courts must consider the following factors in determining a reasonable amount of attorneys' fees to award: (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) the amount of money involved; (5) the extent and character of the work performed; (6) the legal knowledge, attainment, and skill of the attorneys; (7) the number of appearances involved; (8) the intricacies of the facts involved; (9) the diligence and skill of counsel; and (10) the court's own knowledge. Rivet v. State, Dep't of Trans. and Development, 96-145 (La. 9/5/96), 680 So.2d 1154.

Case law does not require courts to weigh one particular factor more than the others; instead, courts must consider each factor in light of the specific facts of each case. Brandner v. Staf-Rath, L.L.C., 12-62 (La. App. 5 Cir. 5/31/12), 102 So.3d 186, 189-90, writ denied, 12-2196 (La. 11/21/12), 102 So.3d 62, and writ denied, 12-2210 (La. 11/21/12), 102 So.3d 62. Courts consider the above factors in all cases to determine reasonable attorneys' fees to be awarded regardless of whether the right to attorneys' fees is by statute or contractual provision. Id. The court is not bound by a contingency fee contract or the amount actually charged by the attorney. St. Blanc v. Stabile, 12-677 (La. App. 5 Cir. 4/24/13), 114 So.3d 1158.

Village first asserts that under Louisiana law, attorneys' fees are not *per se* unreasonable if they are larger than the amount in controversy. Second, Village asserts that the trial court erred in reducing their attorneys' fees without considering the Rivet factors, and relying only on the fact that the fees were more than the main demand. Third, Village asserts that the trial court did not provide a rational basis for reducing their fees by more than sixty percent. Village argues that the attorneys' fees sought are reasonable given the ultimate result obtained was a successful summary judgment for the *entire* amount claimed under the contract, and the amount

of work that went into investigation, drafting pleadings, interviews and deposition. Village also argues that this was not a simple contract case; and that Kimble denied liability, asserted several affirmative defenses, filed a peremptory exception, and responded with voluminous discovery.

Kimble asserts the record shows that the trial court considered the Rivet factors in setting the award inasmuch as the parties thoroughly briefed and argued the factors and their application to this case. Kimble also relies on the fact that the trial judge was the *same* judge who presided over the Rivet case and was fully aware of and familiar with the Rivet factors. In arguing that the attorneys' fees sought were unreasonable, Kimble's primary argument is related to the nearly $35,000 bill for preparing the motion for summary judgment on the contractual provision at issue. Kimble argues there is no basis upon which to find the trial court's award of $24,173.64 manifestly erroneous and asserts the judgment should be affirmed.

Upon review of the record, we agree that the record indicates the trial court did not properly consider the Rivet factors in setting the attorneys' fees in this matter. In its reasons for judgment, the trial court stated "this Court opines that the amounts sought by plaintiff shocks the conscience" and that "[f]or this Court to award the amount plaintiffs claim as attorney's fees and costs would be tantamount to awarding a prevailing party an 'open checkbook' to the losing party's bank account." The trial court also stated that "the uppermost amount this Court can award as attorneys' fees in this matter is 50% of the amount of the judgment awarded previously." While the trial court is not required to explicitly analyze each and every Rivet factor, the record indicates that the trial court found the attorneys' fees *per se* unreasonable based solely on the fact that they were greater than the amount in controversy. As required by the law, there is no indication that the trial court considered the extent and character of the work performed, the legal knowledge required, the number of court appearances, the intricacies of the facts involved or the diligence and skill of counsel.

Inasmuch as the trial court did not fully consider the Rivet factors in determining the appropriate award of attorneys' fees, we find that the trial court applied an incorrect standard of law in determining the amount of attorneys' fees that should be awarded. When the trial court misapplies the law, a *de novo* review by the court of appeal is appropriate and necessary.

We have considered the Rivet factors based on the record before us, and agree with the trial court's assessment that the attorneys' fees sought for this matter are excessive. We recognize that Village was fully successful in the litigation for which it seeks attorneys' fees by obtaining the full amount sought in the petition, the importance of the litigation to Village, and that Village attempted to resolve its claim without litigation to no avail.

While Louisiana courts have found that attorneys' fees in excess of the amount recovered are not *per se* unreasonable, the amount at issue is a consideration in the Rivet analysis, and should be taken into consideration in evaluating the reasonableness of attorneys' fees sought, particularly in this type of situation where the petition sought recovery of a specific amount and counsel was aware of that in working on the case. In addition, based on the record of the subject lawsuit, and considering that it entailed the legal interpretation of a single contract provision, we do not believe the extent and character of the work-performed or the legal knowledge and skill required involved complex issues or significant expertise.

Kimble specifically challenged the attorneys' fees for the summary judgment motion because they included one-hundred forty (140) hours billed for preparing the summary judgment motion, amounting to approximately $35,000. We agree that the $35,000 in attorneys' fees for the summary judgment motion is unreasonable. There are eleven (11) days of eight (8) hour days and other shorter periods of time billed for drafting the motion for summary judgment, which involved the legal interpretation of a single contract provision, and totaled less than twenty pages (not

including the exhibits). Further, although discovery was conducted, resolution of the litigation did not require a fact-intensive analysis. We find that sixty (60) hours, which amounts to seven and one-half (7 1/2) days of time, is a reasonable amount of time for preparation of the summary judgment motion in this case. Accordingly, we find that the attorneys' fees sought for the summary judgment motion should be reduced to $15,000. As a result, the $64,316.09 in attorneys' fees is reduced to $44,316.09.

With regard to the responsibility incurred and the diligence and skill of counsel, we acknowledge that general legal and contractual knowledge was necessary, as well as a certain amount of time and effort. It appears that it was a contentious proceeding between the parties, which tends to ultimately require attorneys to expend more time in litigation. The record shows that Kimble ignored Village's attempt to resolve this matter without litigation and initially responded to Village's petition for damages and accounting and reimbursement with a peremptory exception of no right of action. Village's counsel had to draft an opposition and make a court appearance to defend that exception. In discovery, Kimble produced and Village's counsel reviewed almost 2,000 pages of responsive production. In preparation for depositions, Village's counsel compiled exhibits and prepared outlines for Kimble's two (2) corporate representatives, took these depositions, and reviewed the deposition transcripts for preparation of the summary judgment motion. Village's counsel also researched and drafted the summary judgment motion, reviewed Kimble's opposition to that motion, prepared Village's reply brief to that opposition, and finally appeared for the hearings on the summary judgment motion. Thus, over the course of approximately two years, the litigation involved one exception, one summary judgment motion, some discovery requests and responses, two depositions and court appearances for the exception and the summary judgment motion hearings.

Having considered the <u>Rivet</u> factors as articulated above, we find that $44,316.09 is a reasonable amount of attorneys' fees and costs for the legal work involved in this matter.

**Conclusion**

For the reasons stated above, we amend the trial court's judgment awarding $24,173.64 in attorneys' fees; and render judgment awarding Village $44,316.09 in attorneys' fees and costs.

<u>**AMENDED; AFFIRMED AS AMENDED**</u>

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **DECEMBER 30, 2019** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 19-CA-238

**E-NOTIFIED**
29TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE EMILE R. ST. PIERRE (DISTRICT JUDGE)
LEONARD A. DAVIS (APPELLANT)      DAVID C. FLESHMAN (APPELLEE)      CHARLES M. KING (APPELLANT)
DAVID B. PHELPS (APPELLEE)

**MAILED**
ROSS A. DOOLEY (APPELLEE)
ATTORNEY AT LAW
8440 JEFFERSON HIGHWAY
SUITE 301
BATON ROUGE, LA 70809