NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

22-217

FIRST TOWER LOAN, LLC

VERSUS

KATHERINE M. VERDIN

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NUMBER 2019-5625
HONORABLE CLAYTON A. DAVIS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

SHARON DARVILLE WILSON
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Van H. Kyzar, Jonathan W. Perry, and Sharon Darville Wilson, Judges.

**AFFIRMED AS AMENDED.**

**Fred A. Rogers, III**
**Jessica L. Greber**
**ROGERS, CARTER & PAYNE, LLC**
**4415 Thornhill Avenue**
**Shreveport, Louisiana 71106**
**(318) 861-1111**
**Counsel for Plaintiff/Appellant:**
      **First Tower Loan, LLC d/b/a Tower Loan of Lake Charles**

**Katherine M. Verdin**
**1873 Yvonne Drive**
**Lake Charles, Louisiana 70615**
**(337) 532-4282**
**Defendant/Appellee:**
      **IN PROPER PERSON**

**WILSON, Judge.**

Plaintiff, First Tower Loan, LLC d/b/a First Tower Loan of Lake Charles (First Tower Loan), appeals the trial court's ruling in its favor, alleging that the trial court erred in denying its motion for summary judgment, erroneously calculated the interest due, and failed to award a late fee, costs, and attorney's fees. First Tower Loan seeks a reversal of the ruling, which awarded it the full sum of $2675.30, and asks this court to render a judgment in its favor that includes the sums denied by the trial court. We find that the trial court did not err in denying the motion for summary judgment or in failing to award attorney's fees and costs, but we amend the trial court's ruling to award additional interest on $1849.06 at the rate 18% per annum, from June 1, 2021, until paid, and to award an unpaid late charge of $10.00. In all other respects, the trial court's judgment is affirmed.

I.

## ISSUES

First Tower Loan asserts the following assignments of error:

1. The court erred in denying Plaintiff's attorney's fees and costs based on Plaintiff's allegedly "bungled attempt at summary judgment," because there were (and continue to be) no genuine issues of material fact, and summary judgment should have been granted in the first place.

2. The court erred in denying Plaintiff's attorney's fees and costs based on the position that the "suit was filed in district court when it could have been filed Lake Charles City Court," as venue was proper in the 14th Judicial District Court, Calcasieu Parish, based on the Defendant's domicile at the time suit was filed.

3. The court erred in awarding interest in the amount of $826.24 "based upon the contract," as that figure does NOT accurately reflect interest pursuant to the contract. That figure was only provided to the court at the court's direction, pursuant to a balance that only calculated interest accrued through May 31, 2021.

4. The trial court erred in failing to award Plaintiff's late charges because Plaintiff presented competent and admissible evidence

establishing the late charges provided for in the note and the assessment thereof to the Defendant's account.

## II.

## <u>FACTS AND PROCEDURAL HISTORY</u>

On June 15, 2018, Verdin signed a promissory note and security agreement. First Tower Loan was the holder of the note. The amount financed was $1880.43. Payments in the amount of $108.00 per month were to begin on July 15, 2018 and conclude on August 15, 2020. The total amount to be repaid, including interest, was $2808.00.

Verdin made the requisite payments as scheduled until her last payment on August 5, 2019. At that time, First Tower Loan turned Verdin's account over to its attorney for collection, and suit was filed on December 9, 2019. The petition sought recovery of the unpaid balance of $1849.06, plus interest in the amount of 34.95% per annum for one year beginning November 14, 2019, and thereafter at the rate of 18% per annum, until paid in full, for $10.00 in late charges, all costs of collection, including court costs, and all reasonable attorney's fees set by the court.

After she was served with the lawsuit, Verdin went to the Lake Charles office of First Tower Loan and was told that she should make monthly payments in the amount of $144.00, beginning on February 15, 2020, until paid in full. First Tower Loan does not dispute the payment arrangements alleged by Verdin; however, on May 1, 2020, First Tower Loan filed a motion for summary judgment. The motion was set for hearing on July 9, 2020. Verdin, who is not represented by counsel, filed a handwritten answer to the lawsuit and alleged that a payment agreement was reached with First Tower Loan. Verdin did not file any opposition to the motion for summary judgment but did appear in court, on her own behalf, on the day the motion was set for hearing. The minutes reflect that the hearing was held in person and via

2

Virtual Court.  Edward Bauman appeared in person on behalf of First Tower Loan, and the motion was taken up and argued.  The minutes reflect that the trial court orally denied the motion for summary judgment.  There is no transcript of the proceeding in the record, and there is no written judgment denying the motion.[1]

After the denial of the motion for summary judgment, First Tower Loan filed a motion and order to have the matter fixed for trial.  Trial took place on May 20, 2021.  A representative of First Tower Loan and Verdin, who was still unrepresented by counsel, testified at trial.  The trial court took the matter under advisement.

The trial court issued a written ruling on May 21, 2021.  Based on that written ruling, which awarded only interest in the amount of $826.24, First Tower Loan filed a motion for new trial.  Following a hearing on October 25, 2021, the trial court took the motion for new trial under advisement.  On November 15, 2021, the trial court issued a judgment in favor of First Tower Loan in the amount of $1849.06, plus interest in the amount of $826.24, for a total of $2675.30.  The trial court did not award the $10.00 late fee, costs, or attorney's fees.  From this judgment, First Tower Loan took this timely devolutive appeal.  Verdin has not filed an appellate brief.

### III.

### STANDARD OF REVIEW

With regard to the denial of the motion for summary judgment, the requisite standard of review is de novo.  *Bernard v. Ellis*, 11-2377 (La. 7/2/12), 111 So.3d 995.  Since a legal error is involved, we also apply the de novo standard in reviewing the trial court's award of interest pursuant to the promissory note.  *Thornton v. Wolf*, 07-135 (La.App. 3 Cir. 5/30/07), 958 So.2d 131.

---

[1] This court notes that no written judgment is required pursuant to La.Code Civ.P. art. 1914(B).

3

First Tower Loan argues that it is also entitled to a de novo review of the trial court's failure to award attorney's fees and costs based on its allegation that the trial court's legal errors have interdicted the fact-finding process such that the manifest error standard of review is no longer applicable. *Melvin v. Miller*, 15-599 (La.App. 3 Cir. 12/9/15), 181 So.3d 826. For the reasons that follow, we do not agree. With respect to the trial court's failure to award attorney's fees, "[t]he trial court has much discretion in fixing the award of attorneys' fees[,] and this award will not be modified on appeal absent an abuse of discretion." *St. Blanc v. Stabile*, 12-677, p. 4 (La.App. 5 Cir. 4/24/13), 114 So.3d 1158, 1160, *writ denied*, 13-1185 (La. 8/30/13), 120 So.3d 270.

## IV.

## LAW AND DISCUSSION

The representative of First Tower Loan, Jacci Ross (Ross), testified that the balance due on Verdin's account is $1849.06, and this amount included credit for payments after the account was turned over to the attorney for collection. Ross averred that First Tower Loan exercised its option to accelerate the maturity date on the promissory note due to nonpayment, but she acknowledged that Verdin made some payments after this action was taken.

At the trial, the trial court instructed First Tower Loan's attorney to obtain the balance and breakdown of the amounts alleged to be due from Verdin. A brief recess was taken, and on the record, First Tower Loan's attorney gave the following breakdown: (1) $1849.06 in principal; (2) $826.24 in interest[2] accrued through May 31, 2021; (3) $668.83 in attorney's fees (which is equal to twenty-five percent of the

---

[2] Pursuant to the terms of the promissory note and La.R.S. 9:3522, First Tower seeks interest at the rate of 34.95% per annum for one year beginning on November 14, 2019, and thereafter at the rate of 18% per annum until paid in full.

4

total debt, including accrued interest); (3) $10.00 in late fees; and (4) $531.60 in court costs.[3] The ledger introduced into evidence indicates a balance of $1849.06 on March 3, 2020, and reflects the following payments: (1) $144.00 on March 3, 2020; (2) $166.00 on April 30, 2020; (3) $166.67 on May 6, 2020; (4) $166.00 on June 15, 2020; (5) $145.00 on July 16, 2020; (6) $145.00 on August 20, 2020; (7) $146.00 on October 5, 2020; (8) $146.00 on November 14, 2020; (9) $146.00 on March 3, 2021; (10) $145.00 on April 26, 2021; and (11) $145.00 on May 14, 2021.

First Tower Loan's attorney stated: "She is making payments[,] and they're being credited to her . . . account, but my client still wants to proceed to judgment." Verdin further testified that she repeatedly asked the Lake Charles office of First Tower Loan for the balance of her account but that one was never given to her. Verdin testified that the Lake Charles office gave her a new monthly amount to pay and kept taking her payments. Verdin testified that she began paying the increased amount and continued paying that amount up to the date of trial, May 20, 2021. First Tower Loan asserts that Verdin made no payments for the months of February 2020, September 2020, December 2020, and January 2021.

First Tower Loan argues that even if Verdin came to a verbal agreement with the Lake Charles office, First Tower Loan never agreed to stop the legal process as part of the alternative payment agreement. Even though First Tower Loan routinely accepted Verdin's payments, we cannot say that the principle of equitable estoppel is applicable to prevent First Tower Loan from demanding strict performance[4] in this

---

[3] One of the balance sheets introduced into evidence indicates that $300.00 in court costs were due. Another balance sheet introduced into evidence referenced a $320.00 court cost and a $200.00 court cost. There was no testimony or other evidence introduced as to court costs.

[4] Forbearance exists when a creditor acquiesces in or tolerates substandard performance of an obligation by the debtor without exercising his rights to enforce the obligation, thereby implying that such conduct is sufficient. When forbearance reaches the level of equitable estoppel, the creditor will be barred from suddenly demanding strict performance in order to avoid injustice to the debtor.

case because First Tower Loan proceeded to file a motion for summary judgment on May 1, 2020, shortly after Verdin reached the payment agreement with the Lake Charles Office. There is no evidence attached to the motion for summary judgment regarding any payments made by Verdin after suit was filed but prior to the motion. Therefore, due to the admitted existence of the alternate payment agreement, we find that the trial court did not err in denying First Tower Loan's motion for summary judgment. *See Malcombe v. LeBlanc*, 539 So.2d 665 (La.App. 3 Cir. 1989).

Louisiana Civil Code Article 2000 provides, in pertinent part, that: "If the parties, by written contract, have expressly agreed that the obligor shall also be liable for the obligee's attorney fees in a fixed or determinable amount, the obligee is entitled to that amount as well." "Although La.Civ.Code art. 2000 permits the parties to a contract to stipulate to the amount of the attorney fees recoverable, the court is not precluded from reviewing the reasonableness of the claim for attorney fees." *Helena Chem. Co. v. Nichols*, 96-856, p. 8 (La.App. 3 Cir. 12/26/96), 695 So.2d 990, 994. "A reasonable attorneys' fee is determined by the facts of an individual case." *St. Blanc*, 114 So.3d at 1160.

The promissory note at issue herein, however, provides that the "Borrower shall pay all costs of collection, including . . . **reasonable** attorney's fees not to exceed 25% of the unpaid debt after default[,]" rather than a fixed or determinable amount. (Emphasis added.) In refusing to award costs or attorney's fees, the trial court stated:

> [T]he defendant is not responsible for the Plaintiff's bungled attempt at summary judgment. Indeed, summary judgment was not appropriate based on the agreement between the parties in February and the Defendant's consistent payments since then. This added to costs and attorney's fees, but the Court is not able to distinguish between costs and fees that should be attributable to the Plaintiff's actions versus those

*Hall Fin. Serv., Inc. v. Holloway*, 34,563, p. 4 (La.App. 2 Cir. 4/4/01), 785 So.2d 107, 110 (citations omitted).

that would have been incurred regardless. Accordingly, none will be awarded.

First Tower Loan filed an affidavit for attorney's fees in connection with its motion for summary judgment. The affidavit stated that attorney's fees were sought in connection with the collection of a debt. The stated amount sought was "25% of the unpaid debt after default." The affidavit went on to give the attorneys' usual hourly rate but indicated that this case was taken on a contingency fee basis. The affidavit represented that they were experienced counsel. The affidavit gave no indication of the work performed in connection with the collection of this particular debt but stated that "it is expected that this case will involve extensive post-judgment collection efforts[.]" At trial, no evidence or testimony was presented as to what actions were performed by the attorney, and the only thing presented was the amount of $668.83, which is 25% of the amount owed plus the interest accrued through May 31, 2021. No evidence of court costs was introduced into evidence.

In *Two Oil Services, LLC v. Simons Petroleum, LLC*, 14-712, p. 8 (La.App. 3 Cir. 12/10/14), 155 So.3d 677, 683, this court reversed an award of attorney's fees on the ground that "Two Oil did not present any evidence regarding the work performed by its attorney to obtain its judgment against Simons." The promissory note provided that Simons was liable to pay Two Oil "'its reasonable attorney's fees . . . incurred in collecting'" the debt. *Id*. In reversing the trial court's award of $20,616.85 (which is 25% of the principal and interest), this court noted that "the record was insufficient to establish a prima facie case that the attorney's fees sought by Two Oil was reasonable[]" and found that "the trial court abused its discretion in making the award[.]"[5] *Id*.

---

[5] The appellate court went on to reverse a default judgment in favor of Two Oil and also found that Two Oil failed to establish the balance due under the promissory note.

7

In *Executive Office Centers, Inc. v. Cournoyer*, 510 So.2d 735 (La.App. 4 Cir.), *writ denied*, 514 So.2d 458 (La.1987), the appellate court found no abuse of discretion in the trial court's failure to award attorney's fees where the promissory note provided for payment of attorney's fees in the event that it became necessary to file suit. In that case, suit was filed, but the borrower paid the undisputed portion of the note and deposited the rest in the registry of the court.

We are authorized to "render any judgment which is just, legal, and proper upon the record on appeal." La.Code Civ.P. art. 2164. We specifically note that La.Civ.Code art. 2000 specifies a "fixed or determinable amount," while the promissory note in this case references a "reasonable" amount not to exceed 25% of the unpaid debt. Verdin did not contest the debt and continued to make payments in an increased amount as directed by personnel at First Tower Loan's Lake Charles office. First Tower Loan introduced no evidence to show what work was done by the attorneys in this case. Based on the facts of this case, we find that the trial court did not abuse its discretion in refusing to award attorney's fees or costs. Since no evidence of court costs was presented, we find no error in the trial court's failure to award costs.

However, we find that the trial court failed to award interest pursuant to the contract. The trial court awarded interest in the amount of $826.24, which represented interest accrued from the date of judicial demand through May 31, 2021. First Tower Loan does not dispute this amount of interest but argues that, pursuant to the contract, it is owed interest until paid in full. According to First Tower Loan, the only way the $826.24 could be awarded "pursuant to the contract" was if the debt was paid in full on or before May 31, 2021. We agree. We hereby amend the judgment to provide for interest at the rate of 18% per annum from June 1, 2021, until paid.

The ledger sheets introduced into evidence also show an unpaid late charge in the amount of $10.00.  We amend the judgment to include this amount.

## V.

## CONCLUSION

First Tower Loan seeks reversal of the ruling in its favor, which awarded it the full sum of $2675.30, and prays for entry of judgment in the amount of $1849.06, together with interest at the rate of 34.95% per annum for one year beginning November 14, 2019, and thereafter at the rate of 18% per annum until paid in full, for $10.00 in late charges, for all costs of collection, including court costs, and for 25% of the unpaid debt after default as reasonable attorney's fees.  We decline to reverse the trial court's November 15, 2021 judgment, but we amend the judgment to provide for interest at the rate of 18% per annum from June 1, 2021, until paid in full.  We also amend the judgment to include an unpaid $10.00 late charge.  In all other respects, the trial court's judgment is affirmed.  The trial court's November 15, 2021 judgment is amended to read:

> ACCORDINGLY, judgment is granted to the Plaintiff against the Defendant in the full sum of $1849.06, plus interest in the amount of $826.24 representing interest in the amount of 34.95% per annum for one year from the date of judicial demand and 18% per annum from November 15, 2020, through May 31, 2021, together with interest in the amount of 18% per annum from June 1, 2021, until paid, and for $10.00 in late fees.

All costs of this appeal are assessed one-half against Appellant, First Tower Loan, LLC d/b/a First Tower Loan of Lake Charles, and one-half against Appellee, Katherine M. Verdin.

**AFFIRMED AS AMENDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules— Courts of Appeal, Rule 2–16.3.

9